SEWARD & KISSEL LLP
Brian P. Maloney
Catherine V. LoTempio
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Fax: (212) 480-8421

*Counsel for the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re*<br><br>**Branded Operations Holdings, Inc.** *et al.,* [1]<br><br>**Debtors.** | **Chapter 11**<br><br>**Case No. 22-22608 (JLG)** |

### PLAN ADMINISTRATOR'S OBJECTION TO MOTION TO MODIFY PLAN

Patrick J. Bartels, Jr., not individually but solely in his capacity as plan administrator (the "Plan Administrator") for the remaining debtors of Endo International plc and its Debtor affiliates (collectively, the "Remaining Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"),[2] hereby submits this objection (the "Objection"), by and through his undersigned counsel, to Charles Elliot Anderson, Jr.'s *Motion for Modification of the Plan of Reorganization and for Equitable Relief to (1) Acceptance of Allowed Claim, (2) Designate Surviving Victim Status, (3)*

---

[1]  The last four digits of Debtor Branded Operations Holdings, Inc.'s tax identification number are 6945. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these chapter 11 cases is: 5330 Carmel Crest Lane, Charlotte, NC 28226.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the confirmed *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors* [Docket No. 3849] (the "Fourth Amended Plan") or the *Order Confirming the Fourth Amended Joint Chapter 11 Plan of Endo International plc and its Affiliated Debtors and Approving the Disclosure Statement With Respect Thereto* [Docket No. 3960] (the "Confirmation Order").

*Establish Separate, Segregated Protective Trust for All "Surviving Victims," and (4) Directing Full Payment of Allowed Claim in the Amount of $5 Million Dollars* [Docket No. 56] (the "Motion").   In support of this Objection, the Plan Administrator respectfully states as follows:

## BACKGROUND

1.      On August 16, 2022 (the "Petition Date"), Endo International plc and seventy-five of its affiliated Debtors each commenced Chapter 11 Cases by filing a petition for relief under chapter 11 of the Bankruptcy Code.  On May 25, 2023, and May 31, 2023, certain additional Debtors also commenced Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code.   The Chapter 11 Cases are being jointly administered.

2.      Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Mark Bradley in Support of Chapter 11 Petitions and First Day Papers* [Docket No. 38].

3.      On December 19, 2023, the Debtors filed the *Joint Chapter 11 Plan of Reorganization of Endo International plc and Its Affiliated Debtors* [Docket No. 3355] and a version of the Disclosure Statement relating thereto.  The original plan was subsequently amended on a number of occasions since the initial filing to reflect the many matters negotiated during the Chapter 11 Cases, with the Fourth Amended Plan as the final version.

4.      On March 22, 2024, the Court entered the Confirmation Order confirming the Fourth Amended Plan [Docket No. 3960] and on April 23, 2024, the Fourth Amended Plan became effective [Docket No. 4212] (the "Effective Date").   After entry of the Confirmation Order and upon occurrence of the Effective Date, the Plan was binding on all parties.[3]  *See* Plan § 14.1.  Any

---

[3]   "Upon the occurrence of the Effective Date, the terms of this Plan, the Plan Supplement, and all other Plan Documents shall be immediately effective and enforceable and deemed binding upon the Debtors, their Estates,

objections in opposition to plan confirmation were "overruled on the merits with prejudice." *See* Confirmation Order ¶ 3.

5.      As is more fully set forth in the record of these Chapter 11 Cases, the Fourth Amended Plan was the result of many months of negotiations among the Debtors and their stakeholders, including numerous representatives of tort victims, states and municipalities, official committees and others, including by way of Court-ordered mediation.  The Fourth Amended Plan was confirmed with nearly universal support among the Debtors' stakeholders, with all twenty-one classes of voting creditors—including creditors holding more than 95% of claims in each class by number and value—voting to accept the Plan.  The Fourth Amended Plan comprehensively resolved the Debtors' liabilities (including potential litigation exposure), provided for substantial recoveries to hundreds of thousands of claimants, and preserved the Debtors' business and the jobs of thousands of current employees.

6.      The Fourth Amended Plan is complex and provided for (i) a going concern sale of Endo's business to newly-formed entities ultimately owned 96.30% by the Debtors' first lien creditors, with the remaining percentage by a portion of the Debtors' general unsecured creditors; and (ii) more than a dozen settlements negotiated among the Debtors' key stakeholders (together, the "Plan Settlements"), most of which resulted in the establishment of trusts and/or sub-trusts as a means for efficiently administering creditor claims and distributing recoveries to eligible stakeholders.  Specifically, the Fourth Amended Plan created and/or funded eighteen trusts and sub-trusts for the benefit of the Debtors' many diverse stakeholders—from public and private opioid claimants, mesh claimants, potential future tort claimants, unsecured creditors and

---

the Post-Emergence Entities, the Trusts, and any and all holders of Claims or Interests (irrespective of whether such Claims or Interests are Impaired under this Plan and whether holders of such Claims or Interests have accepted or are presumed to have accepted or rejected or deemed to reject this Plan)."  Plan § 14.1.

prepetition antitrust plaintiffs. Noteworthy regarding the Motion is the settlement with the Opioids Claimants' Committee (the "OCC"), a specialized committee appointed to represent solely the interests of Opioid Claimants. According to the OCC, the Fourth Amended Plan provided more than $600 million in net present value for Opioid Claimants from the Debtors, which will be used for victim compensation and abatement efforts. *See* Docket No. 3785, ¶ 3. Further, the Fourth Amended Plan sought to help address public health concerns stemming from opioid use and provided compensation to victims through distributions to impacted parties, including states, tribes and private claimants.[4]

7.      On February 18, 2024, Mr. Anderson, an opioid victim with a Class 7A-PI Opioid Claim channeled to the PI Trust, filed this Motion seeking to modify the Fourth Amended Plan to, among other things, (i) accept his Allowed Claim, (ii) designate a Surviving Victim status, (iii) establish a separate, segregated protective trust for all "Surviving Victims," and (iv) direct full payment of his Allowed Claim in the amount of $5 million. *See* Dkt. No. 56.

## OBJECTION

8.      Through his Motion, Mr. Anderson seeks to modify the Fourth Amended Plan in order to establish a new "Surviving Victims" trust that would monetize and distribute certain assets (including litigation claims) of the Debtors to pay his claims, as well as the claims of other similarly situated claimants, in full. The Plan Administrator understands that Mr. Anderson is seeking redress for the significant hardship he has suffered due to the opioid medications manufactured and marketed by Endo. The Plan Administrator submits, however, that the Fourth Amended Plan provides such redress. As noted, the Fourth Amended Plan is a highly negotiated resolution that

---

[4]      In furtherance of this goal, the Debtors substantially complied with the terms of a voluntary operating injunction restricting the Debtors' marketing and sale of opioids over the course of these Chapter 11 Cases (as certified by the monitor appointed in the Chapter 11 Cases in his initial report), which the Fourth Amended Plan ensured applied to the go-forward company post-emergence.

provides recovery to the Debtors' creditors in a manner supported by nearly all of the Debtors' stakeholders, including the OCC, the very committee appointed to represent opioid claimants like Mr. Anderson. The time to litigate the Fourth Amended Plan, the Plan Settlements and the various trust claim adjudication processes provided therein is long past, and Mr. Anderson's Motion should be denied.

9.      As an initial matter, Mr. Anderson is bound by the confirmed Fourth Amended Plan, which already provides for the resolution and treatment of his claims. Pursuant to section 1141(a) of the Bankruptcy Code, a confirmed plan—like the Fourth Amended Plan—is a contract binding on all creditors whether they voted for or against the Plan. 11 U.S.C. § 1141(a); *Texaco Inc. v. Sanders (In re Texaco Inc.)*, 182 B.R. 937, 950 (Bankr. S.D.N.Y. 1995). Here, the Fourth Amended Plan provides for a number of Plan Settlements that establish a variety of different trusts that were funded with certain of the Debtors' assets (including in certain circumstances, estate claims and causes of action) and provide for the resolution of claims against the Debtors and distributions on account of such claims.

10.     Relevant to Mr. Anderson, the Fourth Amended Plan provides for the channeling of present private opioid claims to the PPOC Trust (and further channeled to the applicable sub-trust established by each claimant group) from which trust claimants will obtain payment for their claims in accordance with the trust distribution procedures ("TDPs"). Like other holders of present private opioid claims, Mr. Anderson's claims have been channeled to the PPOC Trust (and more specifically, the PI Trust sub-trust) for resolution and distribution in accordance with the applicable TDPs. Accordingly, Mr. Anderson is bound by his treatment under the Fourth Amended Plan.[5]

---

[5]   Based on our review of the record, the Plan Administrator's understanding is that Mr. Anderson filed his claim and has been advised that his claim was accepted and is being dealt with under the PPOC Trust. We understand that the PI Trustee will likewise be filing a response to Mr. Anderson's motion concerning the treatment of Mr. Anderson's claim under the Fourth Amended Plan.

11.     What is more, Mr. Anderson has failed to establish that there is any basis for modifying the Fourth Amended Plan and altering the treatment provided therein.  First, the Motion fails procedurally, as it is time barred in all circumstances.  A motion to modify the Fourth Amended Plan if cause were shown (which it is not) under section 1144 of the Bankruptcy Code through revocation of the Confirmation Order would be well-outside the 180-day post-confirmation statutory timeframe.  11 U.S.C. § 1144 ("On request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if and only if such order was procured by fraud.").  Nor did Mr. Anderson appeal the Confirmation Order within the applicable appeal period under Bankruptcy Rule 8002(a) ("Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.").

12.     Second, even if not time barred, Mr. Anderson has put forth no sufficient basis to reconsider confirmation of the Fourth Amended Plan, and none exists.  *See* 11 U.S.C. § 1144 (allowing a court to revoke an order on confirmation if such order was procured by fraud).  In confirming the Fourth Amended Plan, this Court found that the Fourth Amended Plan satisfied all of the necessary confirmation requirements of section 1129 of the Bankruptcy Code, including that the treatment of all rejecting classes was "fair and equitable."  *See* Confirmation Order ¶ 21.[6]  The Court also concluded that the Plan Settlements contained in the Fourth Amended Plan were negotiated in good faith and at arm's length, and approved the Plan Settlements and the Trusts contemplated by the Plan Settlements as essential elements of the Plan that are fair, equitable, and

---

[6]     Notably, every class entitled to vote on the Plan, voted to accept the Plan, including Class 7A-PI Opioid Claims, which would have included Mr. Anderson's claims.

in the best interests of the Debtors, their Estates, their creditors, and all parties in interest, and satisfy section 1123(b)(3)(a) of the Bankruptcy Code and Bankruptcy Rule 9019.[7]  Nothing set forth in the Motion provides a factual or legal basis to set aside the Court's findings or conclusions.

13.     Notably, the Fourth Amended Plan has been substantially consummated, and as courts have long recognized, confirmation of a plan should not be unwound where implementation would be inequitable.  *See Salsberg v. Trico Marine Servs. (In re Trico Marine Servs.)*, 337 B.R. 811, 815 (Bankr. S.D.N.Y. 2006).  Here, the Fourth Amended Plan was negotiated over the span of several months, supported by the vast majority of the Debtors' stakeholders, and approved by all of the classes of creditors entitled to vote on it.  Unwinding the Plan now would serve no purpose other than to jeopardize the Plan Settlements for which many constituencies tirelessly fought, and it would delay recovery to the Debtors' creditors, including Mr. Anderson.

## CONCLUSION

Accordingly, for the reasons set forth herein and in the record of these Chapter 11 Cases, the Plan Administrator respectfully requests that the Court deny the relief requested in the Motion, sustain this Objection, and grant such other relief as the Court deems just and proper.

---

[7]     In approving the Plan Settlements and Trusts, the Court also approved the PPOC Trust Documents and the PPOC Sub-Trust Documents, and the mechanisms, criteria and procedures therein for operating the PPOC Trust and the PPOC Sub-Trusts and resolving Present Private Opioid Claims, noting that the provisions of the PPOC Trust Documents and PPOC-Sub-Trust Documents were fair and reasonable with respect to PPOCs in light of the benefits to be provided to the PPOC Trust (and the corresponding benefits to PPOCs holding IERP II Claims, Hospital Opioid Claims, NAS PI Claims, PI Opioid Claims and TPP Claims) and that notice of the foregoing had been adequate and appropriate.

DATED:    March 13, 2025
          New York, New York

                                              **SEWARD & KISSEL LLP**

                                              */s/ Brian P. Maloney*
                                              Brian P. Maloney
                                              Catherine V. LoTempio
                                              One Battery Park Plaza
                                              New York, New York 10004
                                              Telephone: (212) 574-1200
                                              Fax: (212) 480-8421

                                              *Counsel for the Plan Administrator*