| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | **NOT FOR PUBLICATION** |
| ------------------------------------------------------- x | |
| In re: : | Case No. 22-22608 (JLG) |
| : | Chapter 11 |
| Branded Operations Holdings, Inc., et al., : | |
| : | |
| Debtors.[1] : | (Jointly Administered) |
| ------------------------------------------------------- x | |

# MEMORANDUM DECISION SUSTAINING PLAN ADMINISTRATOR'S FOURTH OMNIBUS OBJECTION TO CERTAIN (I) AMENDED CLAIMS; (II) MODIFIED AMOUNT AND PRIORITY CLAIMS; (III) NO LIABILITY CLAIMS; (IV) DMP CLAIMS; AND (V) CLAIMS TO BE RECLASSIFIED

**APPEARANCES:**

SEWARD & KISSEL LLP
*Counsel to the Plan Administrator*
Patrick J. Bartels
One Battery Park Plaza
New York, New York 10004
By:    Brian P. Maloney
         Catherine V. LoTempio

---

[1] The last four digits of Debtor Branded Operations Holdings Inc.'s tax identification number are 6945. Due to the large number of debtors in these Chapter 11 Cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 5330 Carmel Crest Lane, Charlotte, NC 28226.

**INTRODUCTION**[2]

Patrick J. Bartels is the Plan Administrator of the remaining debtors of Endo International plc and its Debtor affiliates, (collectively, the "Remaining Debtors") in these chapter 11 cases (the "Chapter 11 Cases"). The matter before the Court is the Plan Administrator's Fourth Omnibus Objection to Claims (the "Objection").[3] In it, the Plan Administrator is seeking the entry of an order (the "Proposed Order") pursuant to sections 105(a), 502, and 558 of title 11 of the United States Code (the "Bankruptcy Code"), and rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing and expunging, modifying, or reclassifying certain (i) amended claims listed on Exhibit 1 to the Proposed Order; (ii) modified amount and priority claims listed on Exhibit 2 to the Proposed Order; (iii) no liability claims listed on Exhibit 3 to the Proposed Order; (iv) certain claims of certain distributors, manufacturers, and pharmacies (the "DMP Claims") based on liabilities that have been released or subordinated as provided in a Court approved stipulation, listed on Exhibit 4 to the Proposed Order; and (v) claims to be reclassified from secured or priority claims to general unsecured claims listed on Exhibit 5 to the Proposed Order.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the confirmed *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors,* Endo ECF No. 3849 (the "Fourth Amended Plan," or the "Plan") or the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International PLC and its Affiliated Debtors and (II) Approving the Disclosure Statement with Respect Thereto*, Endo ECF No. 3960 (the "Confirmation Order"). References to "Endo ECF No. __" are to documents filed on the electronic docket of Case No. 22-22549. References to "ECF No. __" are to documents filed on the electronic docket of Case No. 22-22608.

[3] *Plan Administrator's Fourth Omnibus Objection to Certain (I) Amended Claims; (II) Modified Amount and Priority Claims; (III) No Liability Claims; (IV) DMP Claims; and (V) Claims to be Reclassified*, ECF 62.

2

The Plan Administrator submitted the declaration of Erin McKeighan (the "McKeighan Decl.") in support of the Objection.[4] No responses were filed to the Objection. The Plan Administrator filed a certificate of no objection (the "Certificate of No Objection")[5] to the Objection. The Court conducted a hearing on the Objection. For the reasons stated herein, the Court sustains the Objection.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). In addition, pursuant to the Confirmation Order and Plan, this Court has retained jurisdiction over the Chapter 11 Cases and all matters arising out of, or related to, the Chapter 11 Cases and the Plan, including, among other things, to enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan, the Confirmation Order, and any agreements and documents in connection with or contemplated by the Plan, the Confirmation Order, and the Disclosure Statement.

---

[4] *Declaration of Erin McKeighan in Support of the Plan Administrator's Fourth Omnibus Objection to Certain (I) Amended Claims; (II) Modified Amount and Priority Claims; (III) No Liability Claims; (IV) DMP Claims; and (V) Claims to be Reclassified*, ECF No. 62-2.

[5] *Certificate of No Objection for the Plan Administrator's Fourth Omnibus Objection to Certain (I) Amended Claims; (II) Modified Amount and Priority Claims; (III) No Liability Claims; (IV) DMP Claims; and (V) Claims to be Reclassified*, ECF No. 76. The Plan Administrator resolved informal responses from: (i) United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers (Claim No. 14818) and (ii) Teva Pharmaceuticals, Inc. and its affiliates. Certificate of No Objection ¶ 4. The Plan Administrator has also agreed, solely with respect to the claim filed by the New York State Department of Taxation and Finance (Claim No. 95), to adjourn the hearing on the Objection to May 22, 2025, with responses due by May 15, 2025. *Id.* ¶ 5. Those agreements are reflected in the Revised Proposed Order. *See* Certificate of No Objection, Ex. A.

3

## BACKGROUND

**The Chapter 11 Cases**

On August 16, 2022, Endo International plc and seventy-five of its affiliated Debtors each commenced Chapter 11 Cases by filing a petition for relief under chapter 11 of the Bankruptcy Code. Objection ¶ 5. On May 25, 2023, and May 31, 2023, certain additional Debtors also commenced Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. *Id.* The Chapter 11 Cases are being jointly administered. *Id.* On various dates throughout these Chapter 11 Cases, each of the Debtors filed its respective *Schedules of Assets and Liabilities* and *Statement of Financial Affairs* (collectively, the "Schedules and Statements"). *Id*. ¶ 7.

On April 23, 2024, the Court entered the Bar Date Order (as amended from time to time),[6] which established, among other things, for creditors holding a "claim" against the Debtors, July 7, 2023 at 5:00 p.m. (ET) as the General Claims Bar Date (the "Claims Bar Date") and May 31, 2023, at 5:00 p.m. (ET) as the Governmental Bar Date (together with the Claims Bar Date, the "Bar Dates").[7] The Debtors caused notice of the Bar Dates to be provided in accordance with the procedures outlined in the Bar Date Order.[8]

---

[6] *See Order (I) Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Fling Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol,* Endo ECF No. 1767*; Amended Order Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Fling Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol,* Endo ECF No. 2253*; Further Amended Order Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Fling Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol*, Endo ECF No. 2442.

[7] A separate State/Local Governmental Opioid Bar Date was also set pursuant to the Bar Date Order.

[8] *See Affidavit of Service (Document 1767)*, Endo ECF No. 1800; *Affidavit of Service (Document 2253)*, Endo ECF No. 2346; *Affidavit of Service (Document 2442)*, Endo ECF No. 2493.

4

On March 22, 2024, the Court entered the Confirmation Order confirming the Fourth Amended Plan, and on April 23, 2024, the Plan became effective (the "Effective Date").[9] In addition to the Bar Dates, the Fourth Amended Plan set the deadline for filing requests for payment of unpaid Administrative Expense Claims as May 28, 2024. On September 11, 2024, the Court entered the "Claims Objection Procedures Order."[10]

**The Plan Administrator**

On the Effective Date, the Plan Administrator was appointed to serve as such pursuant to the terms of the Plan and the Plan Administrator Agreement. *See* Plan § 5.7. Pursuant to section 5.7 of the Fourth Amended Plan and section 2.1 of the Plan Administrator Agreement, the Plan Administrator is responsible for filing, settling, compromising, withdrawing and/or liquidating to judgment any objections to any: (i) Administrative Expense Claims; (ii) Non-IRS Priority Tax Claims; (iii) and Priority Non-Tax Claims on behalf of the Remaining Debtors; (iv) Priority Non-Tax Claims; and (v) Other Secured Claims (collectively, the "SAP Claims").

**The Plan Administrator's Claims Review and Reconciliation**

Kroll Restructuring Administration is the Debtor's claims agent.[11] Among other things, it prepared the Debtors' register of claims (the "Claims Register") and provided it to the Plan Administrator. Objection ¶ 15. The Claims Register reflects that, to date, approximately 900 proofs of claim (collectively, the "Proofs of Claim") have been filed in these Chapter 11 Cases asserting SAP Claims against the Debtors. *Id.* The Plan Administrator, with the assistance of Alvarez &

---

[9] *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) the Administrative Expense Claims Bar Date*, Endo ECF No. 4212.

[10] *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objections and Notice Procedures and (II) Granting Related Relief*, Endo ECF No. 4513.

[11] *See Order (I) Appointing Kroll Restructuring Administration LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date; and (II) Granting Related Relief*, Endo ECF No. 190.

Marsal North America, LLC ("A&M") is conducting a review of the claims. McKeighan Decl. ¶ 2. They include the amended claims, modified amount and priority claims, no liability claims, the DMP Claims, and the reclassified claims listed below.

In the ordinary course of business, the Debtors each maintained books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors. Objection ¶ 14. The Plan Administrator and A&M are undertaking a comprehensive review and reconciliation of the claims asserted in the Proofs of Claim. To that end, and without limitation, in assessing the validity of the claims, they are comparing the claims to the Schedules and Statements, as well as to the Books and Records. Objection ¶ 15; McKeighan Decl. ¶ 3. The reconciliation process includes identifying particular categories of claims that may be disallowed and expunged, reduced and allowed, or reclassified. Objection ¶ 16.

**The Claims Objection Procedures Order**

Bankruptcy Rule 3007(d) permits an omnibus objection against multiple claims when the basis for such objection is that the claims in question:

(a) duplicate other claims;

(b) have been filed in the wrong case;

(c) have been amended by subsequently filed proofs of claim;

(d) were not timely filed;

(e) have been satisfied or released during the case in accordance with the [Bankruptcy] Code, applicable rules, or a court order;

(f) were presented in a form that does not comply with the applicable rules, and . . . the objector is unable to determine the validity of the claim because of the noncompliance;

(g) are interests, rather than claims; or

    (h) assert priority in an amount that exceeds the maximum amount under [section] 507 of the [Bankruptcy] Code.

Fed. R. Bankr. P. 3007(d).

    On September 11, 2024, the Court entered the Claims Objection Procedures Order.[12] Without limitation, pursuant to that order, the Court authorized the Plan Administrator to file omnibus objections to claims seeking reduction, reclassification or disallowance and expungement of claims on the grounds, in addition to the grounds set forth in Bankruptcy Rule 3007(d), as follows:

    i. The amount claimed is consistent with or contradicts the Remaining Debtors' books and records and the Plan Administrator, after review and consideration of any information provided by the claimant, denies liability in excess of the amount reflected in the Debtors' books and records;

    ii. The claim is incorrectly classified;

    iii. The claim seeks recovery of amounts for which the Remaining Debtors are not liable;

    iv. The claim incorrectly values the collateral securing the claim;

    v. The claim fails to sufficiently specify the basis for the claim or does not include sufficient documentation to ascertain the validity of the claim;

    vi. The claim is objectionable under section 502(e)(1) of the Bankruptcy Code;

    vii. The claim fails to specify the asserted claim amount;

    viii. The claim is filed against non-debtors or is improperly filed against multiple Remaining Debtors;

    ix. The claim fails to specify a Remaining Debtor against which the claim is asserted;

    x. The claim has been satisfied in fully [sic] by a party that is not a debtor or has otherwise been satisfied during the pendency of the Chapter 11 Cases

---

[12] *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objections and Notice Procedures and (II) Granting Related Relief*, Endo ECF No. 4513.

(separate from those claims satisfied in accordance with the Bankruptcy Code, applicable rules or a court order as set forth in Bankruptcy Rule 3007(d)(5)); or

xi. The claim has been waived, withdrawn or disallowed pursuant to an agreement with the Plan Administrator or an order of this Court.

Claims Objection Procedures Order at 2-3.

## RELIEF REQUESTED

Based upon his review of the claims, the Plan Administrator has determined that there are grounds to disallow and expunge certain amended claims, modified amount and priority claims, no liability claims, the DMP Claims, and the reclassified claims filed by the claimants listed in Exhibits 1-5 to the Proposed Order, respectively (the "Claimants"). The Plan Administrator seeks an order of the Court disallowing, expunging, modifying, or reclassifying those claims pursuant to sections 105(a), 502 and 558 of the Bankruptcy Code and Bankruptcy Rule 3007.

## LEGAL PRINCIPLES

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Absent an objection, a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. *See In re Metex Mfg. Corp.*, 510 B.R. 735, 740 (Bankr. S.D.N.Y. 2014) (citing Fed. R. Bankr. P. 3001(f)).

Section 502(b)(1) of the Bankruptcy Code provides that a claim shall be disallowed if it is unenforceable under applicable law. 11 U.S.C. § 502(b)(1). To that end, pursuant to section 558 of the Bankruptcy Code, the "estate shall have the benefit of any defense available to the debtor as against any entity other than the estate . . . ." *Id.* § 558. If an objection is filed, the court, upon notice and a hearing, must determine the validity and the proper amount of the claim. *See id.* § 502(b). The objecting party has the initial "burden of putting forth evidence sufficient to refute the validity of the claim." *In re Metex Mfg. Corp.*, 510 B.R. at 740 (citation omitted). "By producing

8

'evidence equal in force to the *prima facie* case,' an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to 'prove by a preponderance of the evidence that under applicable law the claim should be allowed.'" *In re Residential Capital, LLC.*, 518 B.R. 720, 731 (Bankr. S.D.N.Y. 2014) (quoting *Creamer v. Motors Liquidation Co. GUC Tr. (In re Motors Liquidation Co.)*, 2013 WL 5549643, at *3, (S.D.N.Y. Sept. 26, 2013). In other words, once the *prima facie* validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

## DISCUSSION

**Amended Claims**

The Plan Administrator, with the assistance of A&M, has identified certain claims that appear to be amended and superseded by other claims filed against the Debtors. Objection ¶ 23; McKeighan Decl. ¶ 4. A list of those claims is set forth in the columns titled "Claims to be Disallowed" on Exhibit 1 to the Proposed Order (the "Amended Claims").[13] The Plan Administrator has listed related claims that he believes amend the Amended Claims and will remain if the Court sustains the Objection in the column titled "Remaining Claims" on Exhibit 1 of the Proposed Order. Objection ¶ 24; McKeighan Decl. ¶ 4. The Plan Administrator objects to the Amended Claims and seeks entry of an order disallowing and expunging the Amended Claims, subject to the Plan Administrator's further objections on any other ground to the claims listed in the column titled "Remaining Claims." Objection ¶ 24; McKeighan Decl. ¶ 4.

---

[13] In the Objection the Plan Administrator states the column is titled "Claims to be Amended." Objection ¶ 24. The column is titled "Claims to be Disallowed." Objection, Ex. 1.

9

The Plan Administrator correctly contends that, as a technical matter, the Amended Claims remain on the Claims Register as outstanding liabilities until withdrawn by the Claimants or disallowed by the Court. Objection ¶ 25. Accordingly, those claims remain potential liabilities of the Debtors that either duplicate amounts included in the "Remaining Claims" or are no longer asserted as outstanding liabilities by the Claimants. *See* 11 U.S.C. § 502(a) ("A claim . . . is deemed allowed, unless a party in interest . . . objects."). Amended claims are routinely expunged. *See, e.g., In re LHI Liquidation Co. Inc.,* No. 13-14050, 2015 WL 731555, at *1 (Bankr. S.D.N.Y. Feb. 5, 2015); *In re Enron Corp.*, No. 01-16034, 2005 WL 3874285, at *1 (Bankr. S.D.N.Y. Oct. 5, 2005).

No Claimant objects to the disallowance and expungement of the Amended Claims. The Court finds that the Claimants holding Amended Claims will not be prejudiced by having their claims disallowed and expunged because their Remaining Claims will remain on the Claims Register after the corresponding Amended Claims are disallowed. Accordingly, the Court sustains the objection to the Amended Claims and disallows and expunges the Amended Claims, subject to the Plan Administrator's further objections on any other ground to the Remaining Claims.

**Modified Amount and Priority Claims**

The Plan Administrator objects to each claim listed on Exhibit 2 to the Proposed Order as asserting both (i) a priority or secured Claim that is not supported by the asserted Proof of Claim, and (ii) amounts that have been partially satisfied and thus requiring modification to match the amounts reflected in the Debtors' Books and Records following payments made by the Debtors to the Claimants (the "Modified Amount and Priority Claims"). Objection ¶ 27; McKeighan Decl. ¶ 7. The priority status and amounts set forth under the column heading "Modified" on Exhibit 2 are the modified status and amounts reflecting the remaining Claim not yet satisfied through payments

10

to the Claimants. Objection ¶ 27. The individual reason justifying the modification of each Modified Amount Claim is included in Exhibit 2. *Id.* ¶ 27. The Proposed Order confirms that the relevant Claimant retains a claim that incorporates the reduced liability asserted by such claimant listed under the column "Modified Claims"; the Plan Administrator seeks to reduce the claims to match the Debtors' Books and Records. *Id.* ¶ 28; McKeighan Decl. ¶ 7.

Pursuant to Bankruptcy Code section 502(b) a claim may be reduced after an objection to reflect the proper amount of such claim. 11 U.S.C. § 502(b) ("[T]he court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount . . . ."). Exhibit 2 lists one claim; the Plan Administrator seeks to reduce the claim and modify the secured status of the claim. Section 506(a)(1) provides, "[a]n allowed claim of a creditor . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim." 11 U.S.C. § 506(a)(1).

The Plan Administrator has refuted the *prima facie* validity and/or priority status of the of the Modified Amount and Priority Claims. No Claimant has attempted to establish the validity and/or priority status of any such claim. Accordingly, the Court sustains the objection to the Modified Amount and Priority Claims and modifies and reclassifies the Modified Amount and Priority Claims subject to the Plan Administrator's further objections on any other ground to the Modified Amount and Priority Claims.

**No Liability Claims**

The Plan Administrator has identified claims that seek to recover amounts for which he says the Debtors are not liable. Objection ¶¶ 30-31; McKeighan Decl. ¶ 9. A list of those claims is

11

set forth in Exhibit 3 to the Proposed Order (the "No Liability Claims"). The Plan Administrator objects to the No Liability Claims, arguing they fail to establish a basis for a valid claim against the Debtors. Objection ¶ 32; McKeighan Decl. ¶ 10. The Plan Administrator has determined that the No Liability Claims are insufficient to verify the existence or amount of an underlying claim against the Debtors and, as such, are not *prima facie* valid. Objection ¶ 32.

Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) the claim is otherwise allowable. 11 U.S.C. §§ 101(5) and 101(10). "For a proof of claim to be entitled to *prima facie* validity under Bankruptcy Rule 3001(f), the claim must allege 'facts sufficient to support a legal liability to the claimant.'" *In re Lehman Bros. Holdings Inc.*, 602 B.R. 564, 574 (Bankr. S.D.N.Y. 2019) (quoting *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)).

The undisputed evidence demonstrates that each of the No Liability Claims fails to allege facts demonstrating that the Debtor is liable for the claim status as asserted. McKeighan Decl. ¶ 9. Moreover, it is undisputed that the Plan Administrator and his advisors have examined each of the No Liability Claims and that there is insufficient evidence in the record to verify the existence or amount of an underlying claim against the Debtors. Objection ¶ 32; McKeighan Decl. ¶ 9.

The Court finds that the failure to disallow the No Liability Claims will result in the applicable Claimant receiving an unwarranted recovery to the detriment of the Debtors and other creditors in these Chapter 11 Cases. Accordingly, the Court sustains the Plan Administrator's objection to the No Liability Claims and disallows and expunges those claims in their entirety subject to the Plan Administrator's further objections on any other ground to the No Liability Claims.

12

**DMP Claims**

The DMP Claims consist of claims of certain distributors, manufacturers, and pharmacies based on liabilities that have been released or subordinated in accordance with the Stipulation[14] that was incorporated into the Plan. The claims are listed on Exhibit 4 to the Proposed Order. Objection ¶ 34; McKeighan Decl. ¶ 11. The Plan Administrator has determined, in accordance with the Fourth Amended Plan, the DMP Claims should be reclassified from secured claims to Class 10: Settling Co-Defendant Claims. Objection ¶ 34; McKeighan Decl. ¶ 12. The Plan Administrator states that, pursuant to the Fourth Amended Plan, such claims have been released or subordinated, as applicable, in accordance with the Stipulation. Objection ¶ 34.

No Claimant has attempted to establish the validity and/or classification of any such claim. The Court finds that the Claimants holding the DMP Claims will not be prejudiced by having the DMP Claims reclassified, in accordance with the Stipulation. Moreover, if the DMP Claims are not formally modified, those Claimants may receive a better recovery than other similarly situated creditors, even though such recovery is not warranted. Accordingly, the Court sustains the objection to the DMP Claims and reclassifies the DMP Claims subject to the Plan Administrator's further objections on any other ground to the DMP Claims.

**Reclassified Claims**

The Plan Administrator has identified Claims that assert a priority claim status that is not supported by the asserted Proof of Claim or supporting documentation under either the Bankruptcy Code or the Plan. Objection ¶ 37; McKeighan Decl. ¶ 14. They are listed on Exhibit 5 of the Proposed Order (the "Reclassified Claims"). He argues none of these Claims is entitled to priority

---

[14] *Order Granting Debtors' Motion for an Order Approving the Amended Stipulation Among the Debtors and the DMPs Resolving the DMPs' Objection to the Bidding Procedures and Sale Motion* (the "Stipulation"), Endo ECF No. 2574.

13

or secured status and that these claims should be reclassified as general unsecured claims as set forth on Exhibit 5 to the Proposed Order, including any unliquidated amounts thereto. Objection ¶ 37. It is undisputed that each of the Reclassified Claims fails to provide any facts to support the priority claim status as asserted, whether liquidated or unliquidated, and that there are no such facts in the record. Objection ¶ 37; McKeighan Decl. ¶ 14.

There are four Claims set forth on Exhibit 5; three assert secured status, and one asserts priority status under Bankruptcy Code section 507(a)(4). That section provides a priority for claims for wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual within the 180 days before the date of the filing of the petition. 11 U.S.C. § 507(a)(4). The Plan Administrator states that the Reclassified Claims, including any unliquidated amounts thereto, should be modified where appropriate under section 502(b)(1) of the Bankruptcy Code and Bankruptcy Rule 3007-1. Objection ¶ 38. The Plan Administrator asserts that, if the Reclassified Claims are not formally modified as requested herein, it could result in such Claimants receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted. Objection ¶ 38; McKeighan Decl. ¶ 15. The Plan Administrator confirms that the relevant Claimant retains a claim that incorporates the entire liability asserted by such Claimant; the objection simply reclassifies such Claim to its appropriate status under the Bankruptcy Code. Objection ¶ 39.

Pursuant to Bankruptcy Code section 502(b) a claim may be reduced after an objection to reflect the proper amount of such claim. 11 U.S.C. § 502 ("[T]he court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount . . . ."). The undisputed facts show that the Reclassified Claims asserted under section 507(a)(4), are not on account of wages

14

earned within 180 days of the applicable petition date. *See* McKeighan Decl. ¶ 14. They are ineligible for section 507(a)(4) priority status. *See In re Club Ventures Inv. LLC*, No. 11-10891, 2012 WL 6139082, at *5 (Bankr. S.D.N.Y. Dec. 11, 2012) ("The priority only covers wages and benefits earned within 180 days of the petition date . . . .").

The Plan Administrator has refuted the *prima facie* validity and/or classification of the Reclassified Claims. Based on the record, the Plan Administrator shows that the Reclassified Claims are not entitled to priority or secured status. No Claimant has attempted to establish the classification of any such claim. Claimants seeking priority status have the burden of proving entitlement to administrative priority. *See, e.g., In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it."). Given the presumption in bankruptcy cases that the debtor's assets will be equitably distributed among creditors, the statute granting priority status is narrowly construed because priority claims reduce the total funds available for claimants. *In re Sears Holdings Corp.*, No. 18-23538, 2023 WL 3470475, at *2 (Bankr. S.D.N.Y. May 15, 2023). The Court routinely sustains objections to claims' priority status. *See, e.g., In re Residential Cap., LLC*, No. 12-12020, 2010 WL 11827244, at *2 (Bankr. S.D.N.Y. June 4, 2010).

Accordingly, the Court sustains the objection to the Reclassified Claims and reclassifies such claims subject to the Plan Administrator's further objections on any other ground to the Reclassified Claims.

## **CONCLUSION**

The Court sustains the Objection to the extent set forth herein. The Plan Administrator is directed to submit an order consistent with this Memorandum Decision.

IT IS SO ORDERED.

Dated: April 16, 2025
New York, New York

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge
