| | | |
|---|---|---|
| **UNITED STATES BANKRUPTCY COURT** | | NOT FOR PUBLICATION |
| **SOUTHERN DISTRICT OF NEW YORK** | | |
| ------------------------------------------------------- x | | |
| In re: | : | Case No. 22-22608 (JLG) |
| | : | Chapter 11 |
| Branded Operations Holdings, Inc., et al., | : | |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| ------------------------------------------------------- x | | |

# MEMORANDUM DECISION SUSTAINING PLAN ADMINISTRATOR'S FIFTH OMNIBUS OBJECTION TO CERTAIN CLAIMS TO BE RECLASSIFIED

**APPEARANCES:**

SEWARD & KISSEL LLP
*Counsel to the Plan Administrator*
*Patrick J. Bartels*
One Battery Park Plaza
New York, New York 10004
By:   Brian P. Maloney
        Catherine V. LoTempio

---

[1] The last four digits of Debtor Branded Operations Holdings Inc.'s tax identification number are 6945. Due to the large number of debtors in these Chapter 11 Cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 5330 Carmel Crest Lane, Charlotte, NC 28226.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION[2]

Patrick J. Bartels is the Plan Administrator of the remaining debtors of Endo International plc and its Debtor affiliates, (collectively, the "Remaining Debtors") in these chapter 11 cases (the "Chapter 11 Cases"). The matter before the Court is the Plan Administrator's Fifth Omnibus Objection to Claims (the "Objection").[3] In it, the Plan Administrator is seeking the entry of an order (the "Proposed Order") pursuant to sections 105(a), 502, and 558 of title 11 of the United States Code (the "Bankruptcy Code"), and rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), reclassifying certain secured claims to a specified Trust Channeled Claim as listed on Exhibits 1-5 to the Proposed Order.[4]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the confirmed *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors,* Endo ECF No. 3849 (the "Fourth Amended Plan," or the "Plan") or the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International PLC and its Affiliated Debtors and (II) Approving the Disclosure Statement with Respect Thereto*, Endo ECF No. 3960 (the "Confirmation Order"). References to "Endo ECF No. __" are to documents filed on the electronic docket of Case No. 22-22549. References to "ECF No. __" are to documents filed on the electronic docket of Case No. 22-22608.

[3] *Notice of Plan Administrator's Fifth Omnibus Objection to Certain Claims to be Reclassified as (I) Class 4(D) Ranitidine Claims, (II) Class 4(E) Generics Price Fixing Claims, (III) Class 7(A) Pi Opioid Claims, (IV) Class 4(B) Other General Unsecured Claims, and (V) Class 10 Settling Co-Defendant Claims*, ECF 122.

[4] The Plan Administrator, subsequent to filing the Objection, filed a *Notice of Revised Proposed Order Sustaining Plan Administrator's Fifth Omnibus Objection to Certain Claims to be Reclassified as (I) Class 4(D) Ranitidine Claims, (II) Class 4(E) Generics Price Fixing Claims, (III) Class 7(A) Pi Opioid Claims, (IV) Class 4(B) Other General Unsecured Claims, and (V) Class 10 Settling Co-Defendant Claims*, ECF No. 136 (the "Revised Order Notice"). The "Proposed Order" referred to throughout this decision is the revised proposed order filed at ECF No. 136. The Proposed Order, as amended, reclassifies the two Reclassified Generics Claims and one Reclassified PI Trust Claim as Reclassified Other General Unsecured Claims. Revised Order Notice, Ex. B.

2

The Plan Administrator submitted the declaration of Erin McKeighan (the "McKeighan Decl.") in support of the Objection.[5] The Court received two formal responses to the Objection.[6] The Court adjourns the hearing on these responses. The Plan Administrator separately resolved several informal responses to the Objection.[7] The Court conducted a hearing on the Objection. For the reasons stated herein, and to the extent stated herein, the Court sustains the Objection.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). In addition, pursuant to the Confirmation Order and Plan, this Court has retained jurisdiction over the Chapter 11 Cases and all matters arising out of, or related to, the Chapter 11 Cases and the Plan, including, among other things, to enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan, the Confirmation Order, and any agreements and documents in connection with or contemplated by the Plan, the Confirmation Order, and the Disclosure Statement.

---

[5] *Declaration of Erin Mckeighan in Support of Plan Administrator's Fifth Omnibus Objection to Certain Claims to be Reclassified as (I) Class 4(D) Ranitidine Claims, (II) Class 4(E) Generics Price Fixing Claims, (III) Class 7(A) Pi Opioid Claims, (IV) Class 4(B) Other General Unsecured Claims, and (V) Class 10 Settling Co-Defendant Claims*, ECF No. 122-2.

[6] *Objection to Motion*, ECF No. 131; *Objection*, ECF No. 138.

[7] Subsequent to the filing of the Objection, the Plan Administrator received and was able to resolve responses from Teva Pharmaceuticals, Inc. and its affiliates (Claim Nos. 22415, 22556, and 22853). Revised Order Notice at 2.

## BACKGROUND

**The Chapter 11 Cases**

On August 16, 2022, Endo International plc and seventy-five of its affiliated Debtors each commenced Chapter 11 Cases by filing a petition for relief under chapter 11 of the Bankruptcy Code. Objection ¶ 5. On May 25, 2023, and May 31, 2023, certain additional Debtors also commenced Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. *Id.* The Chapter 11 Cases are being jointly administered. *Id.* On various dates throughout these Chapter 11 Cases, each of the Debtors filed its respective *Schedules of Assets and Liabilities* and *Statement of Financial Affairs* (collectively, the "Schedules and Statements"). *Id*. ¶ 7.

On April 23, 2024, the Court entered the Bar Date Order (as amended from time to time),[8] which established, for creditors holding a "Claim" against the Debtors, July 7, 2023 at 5:00 p.m. (ET) as the General Claims Bar Date (the "Claims Bar Date") and May 31, 2023, at 5:00 p.m. (ET) as the Governmental Bar Date (together with the Claims Bar Date, the "Bar Dates").[9] The Debtors caused notice of the Bar Dates to be provided in accordance with the procedures outlined in the Bar Date Order.[10]

---

[8] *See Order (I) Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Fling Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol,* Endo ECF No. 1767*; Amended Order Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Fling Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol,* Endo ECF No. 2253*; Further Amended Order Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Fling Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol*, Endo ECF No. 2442.

[9] A separate State/Local Governmental Opioid Bar Date was also set pursuant to the Bar Date Order.

[10] *See Affidavit of Service (Document 1767)*, Endo ECF No. 1800; *Affidavit of Service (Document 2253)*, Endo ECF No. 2346; *Affidavit of Service (Document 2442)*, Endo ECF No. 2493.

4

On March 22, 2024, the Court entered the Confirmation Order confirming the Fourth Amended Plan, and on April 23, 2024, the Plan became effective (the "Effective Date").[11] In addition to the Bar Dates, the Fourth Amended Plan set the deadline for filing requests for payment of unpaid Administrative Expense Claims as May 28, 2024.

**The Plan Administrator**

On the Effective Date, the Plan Administrator was appointed to serve as such pursuant to the terms of the Plan and the Plan Administrator Agreement. *See* Plan § 5.7. Pursuant to section 5.7 of the Fourth Amended Plan and section 2.1 of the Plan Administrator Agreement, the Plan Administrator is responsible for filing, settling, compromising, withdrawing and/or liquidating to judgment any objections to any: (i) Administrative Expense Claims; (ii) Non-IRS Priority Tax Claims; (iii) and Priority Non-Tax Claims on behalf of the Remaining Debtors; (iv) Priority Non-Tax Claims; and (v) Other Secured Claims (collectively, the "SAP Claims").

**The Plan Administrator's Claims Review and Reconciliation**

Kroll Restructuring Administration is the Debtor's claims agent.[12] Among other things, it prepared the Debtors' register of claims (the "Claims Register") and provided it to the Plan Administrator. Objection ¶ 17. The Claims Register reflects that, to date, approximately 900 proofs of claim (collectively, the "Proofs of Claim") have been filed in these Chapter 11 Cases asserting SAP Claims against the Debtors. *Id.* With the assistance of Alvarez & Marsal North America, LLC ("A&M"), the Plan Administrator is reviewing the Claims, including the Reclassified Claims listed below. McKeighan Decl. ¶ 2.

---

[11] *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) the Administrative Expense Claims Bar Date*, Endo ECF No. 4212.

[12] *See Order (I) Appointing Kroll Restructuring Administration LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date; and (II) Granting Related Relief*, Endo ECF No. 190.

5

In the ordinary course of business, the Debtors each maintained books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors. Objection ¶ 16. The Plan Administrator and A&M are undertaking a comprehensive review and reconciliation of the Claims asserted in the Proofs of Claim. To that end, and without limitation, in assessing the validity of the Claims, they are comparing the Claims to the Schedules and Statements, as well as to the Books and Records. Objection ¶ 17; McKeighan Decl. ¶ 3. The reconciliation process includes identifying particular categories of claims that may disallowed and expunged, reduced and allowed, or reclassified. Objection ¶ 18.

**The Claims Objection Procedures Order**

Bankruptcy Rule 3007(d) permits an omnibus objection against multiple claims when the basis for such objection is that the claims in question:

(a) duplicate other claims;

(b) have been filed in the wrong case;

(c) have been amended by subsequently filed proofs of claim;

(d) were not timely filed;

(e) have been satisfied or released during the case in accordance with the [Bankruptcy] Code, applicable rules, or a court order;

(f) were presented in a form that does not comply with the applicable rules, and . . . the objector is unable to determine the validity of the claim because of the noncompliance;

(g) are interests, rather than claims; or

(h) assert priority in an amount that exceeds the maximum amount under [section] 507 of the [Bankruptcy] Code.

Fed. R. Bankr. P. 3007(d).

On September 11, 2024, the Court entered the Claims Objection Procedures Order.[13] Without limitation, pursuant to that order, the Court authorized the Plan Administrator to file omnibus objections to claims seeking reduction, reclassification or disallowance and expungement of claims on the grounds, in addition to the grounds set forth in Bankruptcy Rule 3007(d), as follows:

> i. The amount claimed is consistent with or contradicts the Remaining Debtors' books and records and the Plan Administrator, after review and consideration of any information provided by the claimant, denies liability in excess of the amount reflected in the Debtors' books and records;
>
> ii. The claim is incorrectly classified;
>
> iii. The claim seeks recovery of amounts for which the Remaining Debtors are not liable;
>
> iv. The claim incorrectly values the collateral securing the claim;
>
> v. The claim fails to sufficiently specify the basis for the claim or does not include sufficient documentation to ascertain the validity of the claim;
>
> vi. The claim is objectionable under section 502(e)(1) of the Bankruptcy Code;
>
> vii. The claim fails to specify the asserted claim amount;
>
> viii. The claim is filed against non-debtors or is improperly filed against multiple Remaining Debtors;
>
> ix. The claim fails to specify a Remaining Debtor against which the claim is asserted;
>
> x. The claim has been satisfied in fully [sic] by a party that is not a debtor or has otherwise been satisfied during the pendency of the Chapter 11 Cases (separate from those claims satisfied in accordance with the Bankruptcy Code, applicable rules or a court order as set forth in Bankruptcy Rule 3007(d)(5)); or
>
> xi. The claim has been waived, withdrawn or disallowed pursuant to an agreement with the Plan Administrator or an order of this Court.

---

[13] *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objections and Notice Procedures and (II) Granting Related Relief*, Endo ECF No. 4513.

Claims Objection Procedures Order at 2-3.

## RELIEF REQUESTED

Based upon his review of the Claims, the Plan Administrator has determined that there are grounds to reclassify certain Claims filed by the claimants listed in Exhibits 1-5 to the Proposed Order (the "Claimants"). The Plan Administrator seeks an order of the Court reclassifying those Claims pursuant to sections 105(a), 502 and 558 of the Bankruptcy Code and Bankruptcy Rule 3007. Objection ¶ 19.

## LEGAL PRINCIPLES

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Absent an objection, a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. *See In re Metex Mfg. Corp.*, 510 B.R. 735, 740 (Bankr. S.D.N.Y. 2014) (citing Fed. R. Bankr. P. 3001(f)).

Section 502(b)(1) of the Bankruptcy Code provides that a claim shall be disallowed if it is unenforceable under applicable law. 11 U.S.C. § 502(b)(1). To that end, pursuant to section 558 of the Bankruptcy Code, the "estate shall have the benefit of any defense available to the debtor as against any entity other than the estate . . . ." *Id.* § 558. If an objection is filed, the court, upon notice and a hearing, must determine the validity and the proper amount of the claim. *See id.* § 502(b). The objecting party has the initial "burden of putting forth evidence sufficient to refute the validity of the claim." *In re Metex Mfg. Corp.*, 510 B.R. at 740 (citation omitted). "By producing 'evidence equal in force to the *prima facie* case,' an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to 'prove by a preponderance of the evidence that under applicable law the claim should be allowed.'" *In re Residential Capital, LLC.*, 518 B.R. 720, 731 (Bankr. S.D.N.Y. 2014) (quoting *Creamer v. Motors Liquidation Co. GUC Tr.*

8

*(In re Motors Liquidation Co.)*, 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013)). In other words, once the *prima facie* validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

"[A]ll creditors in a bankruptcy case who claim priority status have the burden of showing that they are entitled to the asserted priority under the Bankruptcy Code. . . ." *Sec. Inv. Prot. Corp. v. Stratton Oakmont, Inc.*, 229 B.R. 273, 278 (Bankr. S.D.N.Y.), *aff'd sub nom. Arford v. Miller*, 239 B.R. 698 (S.D.N.Y. 1999), *aff'd sub nom. In re Stratton Oakmont*, 210 F.3d 420 (2d Cir. 2000); *see, e.g., In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it."). Given the presumption in bankruptcy cases that the debtor's assets will be equitably distributed among creditors, the statute granting priority status is narrowly construed because priority claims reduce the total funds available for claimants. *In re Sears Holdings Corp.*, No. 18-23538, 2023 WL 3470475, at *2 (Bankr. S.D.N.Y. May 15, 2023). The Court routinely sustains objections to claims' priority status. *See, e.g., In re Residential Cap., LLC*, No. 12-12020, 2010 WL 11827244, at *2 (Bankr. S.D.N.Y. June 4, 2010).

### DISCUSSION

**Reclassified Claims**

The Plan Administrator has identified Claims that assert a priority claim status that is not supported by the asserted Proof of Claim or supporting documentation under either the Bankruptcy Code or the Plan. Objection ¶ 25; McKeighan Decl. ¶ 3. They are listed on Exhibits 1-5 of the Proposed Order (the "Reclassified Claims"). He argues none of these Claims is entitled to the status as filed and that these Claims should be reclassified as set forth on Exhibits 1-5 to the

9

Proposed Order, whether liquidated or unliquidated. Objection ¶ 25. He seeks to have these claims modified under section 502(b)(1) of the Bankruptcy Code and Bankruptcy Rule 3007-1. *Id.* ¶ 26. The Plan Administrator confirms that the relevant Claimant retains a Claim that incorporates the entire liability asserted by such Claimant, subject to compliance with the Fourth Amended Plan and/or the applicable trust distribution procedures; this Objection simply reclassifies such Claim to its appropriate status under the Bankruptcy Code as set forth in the Proposed Order. *Id.* ¶ 27.

The Plan Administrator seeks reclassification of five groups of claims:

- The "Reclassified Ranitidine Claims," as identified on Exhibit 1 to the Proposed Order.
- "Reclassified Generics Price Fixing Claims" as identified on Exhibit 2 to the Proposed Order.[14]
- "Reclassified PI Opioid Claims" as identified on Exhibit 3 to the Proposed Order.
- "Reclassified Other General Unsecured Claims" as identified on Exhibit 4 to the Proposed Order.
- "Reclassified Settling Co-Defendant Claims" as identified on Exhibit 5 to the Proposed Order.

*Id.* ¶¶ 28-36.

***Reclassified Ranitidine Claims***

The Plan Administrator objects to the Reclassified Ranitidine Claims identified on Exhibit 1 of the Proposed Order and seeks entry of the Proposed Order reclassifying such Claims to Class 4(D) Ranitidine Claims. *Id.* ¶ 29; McKeighan Decl. ¶ 5. Each of the Reclassified Ranitidine Claims asserts a priority claim that is not supported under the Bankruptcy Code and fails to provide the priority claim status as asserted. McKeighan Decl. ¶ 4. No Claimant has attempted to establish the classification of any such claim. Based on the record, the Plan Administrator shows that the Reclassified Ranitidine Claims are not entitled to priority or secured status. The Court finds the

---

[14] As noted herein, the revised Proposed Order no longer lists any Claim as a Reclassified Generics Price Fixing Claim.

10

Plan Administrator has refuted the *prima facie* validity and/or classification of the Reclassified Ranitidine Claims.

*Reclassified Generics Price Fixing Claims*

The Plan Administrator objects to the Reclassified Generics Price Fixing Claims identified on Exhibit 2 to the Proposed Order and seeks entry of the Proposed Order reclassifying such Claims to Class 4(E) Generics Price Fixing Claims. Objection ¶ 31; McKeighan Decl. ¶ 7. Subsequent to the filing of the Objection the Plan Administrator received and was able to resolve the Reclassified Generics Price Fixing Claims. The resolutions are reflected in the Proposed Order.

*Reclassified PI Opioid Claims*

The Plan Administrator objects to the Reclassified PI Opioid Claims identified on Exhibit 3 to the Proposed Order and seeks entry of the Proposed Order reclassifying such Claims to Class 7(A) PI Opioid Claims. Objection ¶ 33; McKeighan Decl. ¶ 9. Each of the Reclassified PI Opioid Claims asserts a priority claim that is not supported under the Bankruptcy Code and fails to provide the priority claim status as asserted. McKeighan Decl. ¶ 8. No Claimant has attempted to establish the classification of any such claim. Based on the record, the Plan Administrator shows that the Reclassified PI Opioid Claims are not entitled to priority or secured status. The Court finds the Plan Administrator has refuted the *prima facie* validity and/or classification of the Reclassified PI Opioid Claims.

*Reclassified Other General Unsecured Claims*

The Plan Administrator objects to the Reclassified Other General Unsecured Claims identified on Exhibit 4 to the Proposed Order and seeks entry of the Proposed Order reclassifying such Claims to Class 4(B) Other General Unsecured Claims. Objection ¶ 35; McKeighan Decl. ¶ 11. Each of the Reclassified Other General Unsecured Claims asserts a priority claim that is not

11

supported under the Bankruptcy Code and fails to provide the priority claim status as asserted. McKeighan Decl. ¶ 10. No Claimant has attempted to establish the classification of any such claim. Based on the record, the Plan Administrator shows that the Reclassified Other General Unsecured Claims are not entitled to priority or secured status. The Court finds the Plan Administrator has refuted the *prima facie* validity and/or classification of the Reclassified Other General Unsecured Claims.

### *Reclassified Settling Co-Defendant Claim*

The Plan Administrator objects to the Reclassified Settling Co-Defendant Claim identified on Exhibit 5 to the Proposed Order and seeks entry of the Proposed Order reclassifying such claim to a Class 10 Settling Co-Defendant Claim. Objection ¶ 37; McKeighan Decl. ¶ 13. The Reclassified Settling Co-Defendant Claim asserts a priority claim that is not supported under the Bankruptcy Code and fails to provide the priority claim status as asserted. McKeighan Decl. ¶ 12. No Claimant has attempted to establish the classification of any such claim. Based on the record, the Plan Administrator shows that the Reclassified Settling Co-Defendant Claim is not entitled to priority or secured status. The Court finds the Plan Administrator has refuted the *prima facie* validity and/or classification of the Reclassified Settling Co-Defendant Claim.

**CONCLUSION**

The Court sustains the Objection to the extent set forth herein. The Plan Administrator is directed to submit an order consistent with this Memorandum Decision.

IT IS SO ORDERED.

Dated: June 24, 2025
New York, New York

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge