| | | |
|---|---|---|
| **UNITED STATES BANKRUPTCY COURT** | | **NOT FOR PUBLICATION** |
| **SOUTHERN DISTRICT OF NEW YORK** | | |
| ------------------------------------------------------- x | | |
| In re: | : | Case No. 22-22608 (JLG) |
| | : | Chapter 11 |
| Branded Operations Holdings, Inc., et al., | : | |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| ------------------------------------------------------- x | | |

## MEMORANDUM DECISION SUSTAINING PLAN ADMINISTRATOR'S SEVENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS TO BE RECLASSIFIED

**APPEARANCES:**

SEWARD & KISSEL LLP
*Counsel to the Plan Administrator*
*Patrick J. Bartels*
One Battery Park Plaza
New York, New York 10004
By:    Catherine V. LoTempio
       Brian P. Maloney

ROBINSON & COLE LLP
*Counsel to the Endo Mesh Claims Trustee*
*Heather L. Barlow*
666 Third Avenue, 20th Floor
New York, New York 10017
By:    Mark A. Fink

---

[1] The last four digits of Debtor Branded Operations Holdings Inc.'s tax identification number are 6945. Due to the large number of debtors in these Chapter 11 Cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 5330 Carmel Crest Lane, Charlotte, NC 28226.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

### INTRODUCTION[2]

Patrick J. Bartels is the Plan Administrator of the remaining debtors of Endo International plc and its Debtor affiliates, (collectively, the "Remaining Debtors") in these chapter 11 cases (the "Chapter 11 Cases"). The matter before the Court is the Plan Administrator's Seventh Omnibus Objection to Certain Claims (the "Objection").[3] In it, the Plan Administrator is seeking the entry of an order (the "Proposed Order") pursuant to sections 105(a), 502, and 558 of title 11 of the United States Code (the "Bankruptcy Code"), and rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), reclassifying certain claims (the "Reclassified Claims") filed by the claimants listed in Exhibit 1 (or "Ex. 1") to the Proposed Order[4] (the "Claimants") as unsecured Class 4(C) Mesh Claims under the Fourth Amended Plan.[5]

As explained below, the Reclassified Claims consist of one hundred tort claims against the Debtor for personal injuries allegedly resulting from the use of certain transvaginal surgical mesh Products. Almost all of the Reclassified Claims are filed as unspecified "Priority" claims.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the confirmed *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors,* Endo ECF No. 3849 (the "Fourth Amended Plan," or the "Plan") or the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International PLC and its Affiliated Debtors and (II) Approving the Disclosure Statement with Respect Thereto*, Endo ECF No. 3960 (the "Confirmation Order"). References to "Endo ECF No. __" are to documents filed on the electronic docket of Case No. 22-22549. References to "Branded ECF No. __" are to documents filed on the electronic docket of Case No. 22-22608.

[3] *Notice of Plan Administrator's Seventh Omnibus Objection to Certain Claims*, Branded ECF No. 153. In all, the Plan Administrator filed four omnibus objections seeking to reclassify certain claims as unsecured Class 4(C) Mesh Claims under the Fourth Amended Plan. *See* Branded ECF Nos. 152, 153, 154, and 155. The Court refers to those objections collectively as the "Reclassification Objections."

[4] A copy of the Proposed Order is annexed to the Objection as Exhibit A.

[5] "Class 4(C) Mesh Claims" refers to claims relating to any personal injury resulting from the use of mesh products, filed by the General Bar Date. Fourth Amended Plan §§ 1.1.309, 4.6.

2

However, one is filed as a "Priority" claim and a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code. One claim seeks priority status under section 503(b)(9) and "Secured" status, and three claims only assert "Secured" status. The Objection only challenges the classification of the Reclassified Claims. Accordingly, each Claimant will retain an unsecured claim that incorporates the entire liability asserted by such Claimant, subject to the Plan and/or applicable trust distribution procedures.

The Plan Administrator submitted the declaration of Erin McKeighan (the "McKeighan Decl.") in support of the Objection.[6] No Claimant responded to the Objection. Holders of Allowed Class 4(C) Claims are beneficiaries of the Mesh Claims Trust. Heather L. Barlow is the trustee for the trust (the "Mesh Claims Trustee"). She filed a response to the Objection and a reservation of rights (the "Mesh Claims Trustee Response").[7] She submitted a declaration (the "Barlow Decl.")[8] in support of her response.

The Court conducted a hearing on the Objection. The Plan Administrator, the Mesh Claims Trustee, and their respective counsel appeared at the hearing. Ms. McKeighan appeared as a witness. None of the Claimants appeared at the hearing. For the reasons stated herein, the Court sustains the Objection, and reclassifies the Reclassified Claims as Class 4(C) Mesh Claims in accordance with the Plan.

---

[6] *Declaration of Erin Mckeighan in Support of Plan Administrator's Seventh Omnibus Objection to Certain Claims to be Reclassified,* Branded ECF No. 153, Ex. B.

[7] *Endo Mesh Claims Trustee's Response to and Reservation of Rights with Respect to the Plan Administrator's Sixth, Seventh, Eighth, and Ninth Omnibus Objections to Certain Claims to be Reclassified*, Branded ECF No. 193.

[8] *Declaration of Endo Mesh Claims Trustee Heather L. Barlow in Support of Trustee's Response to Plan Administrator's Sixth, Seventh, Eighth, and Ninth Omnibus Objections to Certain Claims to be Reclassified*, Branded ECF No. 193-1.

3

**JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). In addition, pursuant to the Confirmation Order and Plan, this Court has retained jurisdiction over the Chapter 11 Cases and all matters arising out of, or related to, the Chapter 11 Cases and the Plan, including, among other things, to enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan, the Confirmation Order, and any agreements and documents in connection with or contemplated by the Plan, the Confirmation Order, and the Disclosure Statement.

**BACKGROUND**

**The Chapter 11 Cases**

On August 16, 2022, Endo International plc and seventy-five of its affiliated Debtors each commenced Chapter 11 Cases by filing a petition for relief under chapter 11 of the Bankruptcy Code. Objection ¶ 5. On May 25, 2023, and May 31, 2023, certain additional Debtors also commenced Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. *Id.* The Chapter 11 Cases are being jointly administered. *Id.* On various dates throughout these Chapter 11 Cases, each of the Debtors filed its respective *Schedules of Assets and Liabilities* and *Statement of Financial Affairs* (collectively, the "Schedules and Statements"). *Id.* ¶ 7.

On April 23, 2024, the Court entered the Bar Date Order (as amended from time to time),[9] which established, for creditors holding a "Claim" against the Debtors, July 7, 2023, at 5:00 p.m. (ET) as the General Claims Bar Date (the "Claims Bar Date") and May 31, 2023, at 5:00 p.m. (ET) as the Governmental Bar Date (together with the Claims Bar Date, the "Bar Dates").[10] The Debtors caused notice of the Bar Dates to be provided in accordance with the procedures outlined in the Bar Date Order.[11]

On March 22, 2024, the Court entered the Confirmation Order confirming the Fourth Amended Plan, and on April 23, 2024, the Plan became effective (the "Effective Date").[12] In addition to the Bar Dates, the Fourth Amended Plan set the deadline for filing requests for payment of unpaid Administrative Expense Claims as May 28, 2024. *See* Plan § 1.1.12

**The Plan Administrator**

On the Effective Date, the Plan Administrator was appointed to serve as such pursuant to the terms of the Plan and the Plan Administrator Agreement. *See* Plan § 5.7. Pursuant to section 5.7 of the Fourth Amended Plan and section 2.1 of the Plan Administrator Agreement, the Plan Administrator is responsible for filing, settling, compromising, withdrawing and/or liquidating to judgment any objections to any: (i) Administrative Expense Claims; (ii) Non-IRS Priority Tax

---

[9] *See Order (I) Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Fling Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol,* Endo ECF No. 1767; *Amended Order Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Fling Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol,* Endo ECF No. 2253; *Further Amended Order Establishing Deadline for Filing Proofs of Claim (II) Approving Procedures for Fling Proof of Claim; (III) Approving the Proof of Claim Forms; (IV) Approving the Form and Manner of Notice Thereof; and (V) Approving the Confidentiality Protocol,* Endo ECF No. 2442.

[10] A separate State/Local Governmental Opioid Bar Date was also set pursuant to the Bar Date Order.

[11] *See Affidavit of Service (Document 1767),* Endo ECF No. 1800; *Affidavit of Service (Document 2253),* Endo ECF No. 2346; *Affidavit of Service (Document 2442),* Endo ECF No. 2493.

[12] *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) the Administrative Expense Claims Bar Date,* Endo ECF No. 4212.

5

Claims; (iii) and Priority Non-Tax Claims on behalf of the Remaining Debtors; (iv) Priority Non-Tax Claims; and (v) Other Secured Claims (collectively, the "SAP Claims").

**The Plan Administrator's Claims Review and Reconciliation**

Kroll Restructuring Administration is the Debtors' claims agent.[13] Among other things, it prepared the Debtors' register of claims (the "Claims Register") and provided it to the Plan Administrator. Objection ¶ 18. The Claims Register reflects that, to date, approximately 900 proofs of claim have been filed in these Chapter 11 Cases asserting SAP Claims against the Debtors (the "Claims"). *Id.* With the assistance of Alvarez & Marsal North America, LLC ("A&M"), the Plan Administrator is reviewing the Claims, including the Reclassified Claims. McKeighan Decl. ¶¶ 1-2.

In the ordinary course of business, the Debtors each maintained books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors. Objection ¶ 17. The Plan Administrator and A&M are undertaking a comprehensive review and reconciliation of the Claims. *Id*. ¶ 18; McKeighan Decl. ¶ 3. To that end, and without limitation, in assessing the validity of the Claims, they are comparing the Claims to the Schedules and Statements, as well as to the Books and Records. Objection ¶ 18; McKeighan Decl. ¶ 3. The reconciliation process includes identifying particular categories of claims that may be disallowed and expunged, reduced and allowed, or reclassified. Objection ¶ 19.

**The Claims Objection Procedures Order**

Bankruptcy Rule 3007(d)(2) permits an omnibus objection against multiple claims when the basis for such objection is that the claims in question:

---

[13] *See Order (I) Appointing Kroll Restructuring Administration LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date; and (II) Granting Related Relief*, Endo ECF No. 190.

6

    (A) duplicate other claims;

    (B) have been filed in the wrong case;

    (C) have been amended by subsequently filed proofs of claim;

    (D) were not timely filed;

    (E) have been satisfied or released during the case in accordance with the [Bankruptcy] Code, applicable rules, or a court order;

    (F) were presented in a form that does not comply with the applicable rules, and . . . the objector is unable to determine the validity of the claim because of the noncompliance;

    (G) are interests, rather than claims; or

    (H) assert priority in an amount that exceeds the maximum amount under [section] 507 of the [Bankruptcy] Code.

Fed. R. Bankr. P. 3007(d)(2).

On September 11, 2024, the Court entered the Claims Objection Procedures Order.[14] Without limitation, pursuant to that order, the Court authorized the Plan Administrator to file omnibus objections to claims seeking reduction, reclassification or disallowance and expungement of claims on the grounds, in addition to the grounds set forth in Bankruptcy Rule 3007(d), as follows:

    i. The amount claimed is consistent with or contradicts the Remaining Debtors' books and records and the Plan Administrator, after review and consideration of any information provided by the claimant, denies liability in excess of the amount reflected in the Debtors' books and records;

    ii. The claim is incorrectly classified;

    iii. The claim seeks recovery of amounts for which the Remaining Debtors are not liable;

---

[14] *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objections and Notice Procedures and (II) Granting Related Relief*, Endo ECF No. 4513.

    iv.    The claim incorrectly values the collateral securing the claim;

    v.    The claim fails to sufficiently specify the basis for the claim or does not include sufficient documentation to ascertain the validity of the claim;

    vi.    The claim is objectionable under section 502(e)(1) of the Bankruptcy Code;

    vii.    The claim fails to specify the asserted claim amount;

    viii.    The claim is filed against non-debtors or is improperly filed against multiple Remaining Debtors;

    ix.    The claim fails to specify a Remaining Debtor against which the claim is asserted;

    x.    The claim has been satisfied in fully [sic] by a party that is not a debtor or has otherwise been satisfied during the pendency of the Chapter 11 Cases (separate from those claims satisfied in accordance with the Bankruptcy Code, applicable rules or a court order as set forth in Bankruptcy Rule 3007(d)(5)); or

    xi.    The claim has been waived, withdrawn or disallowed pursuant to an agreement with the Plan Administrator or an order of this Court.

Claims Objection Procedures Order at 2-3.

**The Claims Subject to the Objection**

    The Reclassified Claims consist of one hundred tort claims filed against Endo International plc for personal injuries allegedly resulting from the use of certain transvaginal surgical mesh Products. *See* Ex. 1. The Court summarizes those claims, as follows:

(a) Ninety-six of the claims are filed as "Priority" claims, without specifying the grounds for such priority (the "Priority Claims"). Two Priority Claims, Claim Nos. 1430 and 22802, also assert "Unsecured" claims.

(b) Four claims, Claim Nos. 13346, 10498, 906875, and 907091, assert "Secured" claims (the "Secured Claims").

(c) One Priority Claim and one Secured Claim, Claim Nos. 14310 and 907091, respectively, also assert priority status under section 503(b)(9) of the Bankruptcy Code (the "Section 503(b)(9) Claims").

8

**The Mesh Claims Trustee's Response and Reservation of Rights**

Pursuant to the Endo Mesh Trust Agreement,[15] as part of her fiduciary duties, the Mesh Claims Trustee oversees the allowance or disallowance of Class 4(C) Mesh Claims. Mesh Claims Trustee Response at 3; Barlow Decl. ¶ 3. Under the agreement, the Mesh Claims Trustee has broad discretion as to both the process relating to, and the ultimate decision with respect to, allowance or disallowance of Class 4(C) Claims. Mesh Claims Trustee Response at 3. The agreement does not require Court approval of the allowance or disallowance of Mesh Claims or the valuation of Mesh Claims. *Id*.

The Mesh Claims Trustee advises that she has not yet reviewed the claims that are the subject of the Reclassification Objections to assess whether she agrees that such claims properly should have been classified as Class 4(C) Mesh Claims. Mesh Claims Trustee Response at 2; Barlow Decl. ¶ 8. Nonetheless, the trustee does not oppose the relief the Plan Administrator seeks in the Objection. Mesh Claims Trustee Response at 2. However, she reserves her right to seek further reclassification of any such claim to another non-priority class after completion of her review of the claims. *Id*. Her failure to oppose reclassification at this time does not reflect her agreement that such claims properly are Class 4(C) Mesh Claims. *Id.*

The Mesh Claims Trustee notes that, based solely on a comparison of the names of the claimants whose claims are the subject of the Reclassification Objections, it appears that

(i) a substantial number of these claims previously also filed Class 4(C) Mesh Claims and have participated in the Mesh Claims submission process; and

(ii) at least 42 of such claims, and possibly more, settled their claims pre-petition with the Endo Debtors and hold claims against the Qualified Settlement Fund established prior to the bankruptcy, but had released their

---

[15] *Endo Mesh Trust Agreement*, Endo ECF No. 4213, Ex. 1-C.

> claims as part of that settlement and do not have a legally cognizable claim against the Mesh Claims Trust.

Barlow Decl. ¶¶ 6-7. Accordingly, to the extent that the Mesh Claims Trustee concludes that such claims are in fact duplicative, or were settled prior to the bankruptcy, the Mesh Claims Trustee reserves her rights to disallow such claims as duplicative or settled, as appropriate. Mesh Claims Trustee Response at 3. Finally, the Mesh Claims Trustee advises that to the extent that claims subject to the Reclassification Objections are properly classified as Class 4(C) Mesh Claims, and are not disallowed as duplicative or previously settled, the allowance or disallowance of such claims will be based on the claims review process established by the Mesh Claims Trust. *Id.*

The Plan Administrator does not object to or otherwise challenge the Mesh Claims Trustee's reservation of rights.

## RELIEF REQUESTED

The Plan Administrator objects to the classification of the Reclassified Claims and seeks entry of an order reclassifying such claims pursuant to sections 105(a), 502 and 558 of the Bankruptcy Code and Bankruptcy Rule 3007. Objection ¶ 20.

## LEGAL PRINCIPLES

A properly filed proof of claim is "deemed allowed" unless a party in interest objects. 11 U.S.C. § 502(a). "A proof of claim is prima facie evidence of the validity and amount of a claim . . . ." *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (citing Fed. R. Bankr. P. 3001(f)), *aff'd sub nom. Peter J. Solomon Co., L.P. v. Oneida Ltd.*, No. 09 CIV. 2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010). "To receive the benefit of *prima facie* validity, however, 'the proof of claim must set forth the facts necessary to support the claim.'" *In re Celsius Network LLC*, No. 22-10964, 2025 WL 478026, at *3 (Bankr. S.D.N.Y. Feb. 12, 2025) (quoting *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988)).

10

Under section 507 of the Bankruptcy Code, certain claims and expenses enjoy priority status, including, among others, "administrative expenses allowed under section 503(b)." 11 U.S.C. § 507(a)(2); *In re Sears Holdings Corp.*, No. 18-23538, 2023 WL 3470475, at *2 (Bankr. S.D.N.Y. May 15, 2023). Section 503(b) outlines nine categories of administrative expense claims that, if allowed after notice and a hearing, are entitled to priority status under section 507(a)(2). *See* 11 U.S.C. §§ 503(b), 507(a)(2). A claimant seeking administrative expense priority under section 503(b) must demonstrate entitlement to such priority by a preponderance of the evidence. *In re Randall's Island Fam. Golf Centers, Inc.*, 300 B.R. 590, 598 (Bankr. S.D.N.Y. 2003); *accord In re Sears Holdings Corp.*, 2023 WL 3470475, at *2; *see also In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it.").

## DISCUSSION

**Objection To Priority Status Of The Reclassified Claims**

Each of the Reclassified Claims asserts a prepetition tort claim against Endo International plc for personal injuries allegedly resulting from the use of certain transvaginal surgical mesh Products. The Plan Administrator provides the following "Reason" in support of his objection to each of the Reclassified Claims:

> Based on a review of the claim and any supporting documentation provided, the priority status asserted is not supported, and the claim should be reclassified and treated as a Class 4(C) Mesh Claim in accordance with the Plan.

Ex. 1.

*The Priority Claims*

None of the Priority Claims provides support, documentary or otherwise, for conferring priority status on the claim. Objection ¶ 26; McKeighan Decl. ¶ 4. The Plan Administrator advises

11

that he is unaware of any facts, to support the Priority Claims' status as asserted, whether liquidated or unliquidated. Objection ¶ 27. None of the Claimants asserting Priority Claims has met their burden of demonstrating a right to priority status under the Bankruptcy Code. The Court sustains the Plan Administrator's objection to the classification of the Priority Claims.

### *The Section 503(b)(9) Claims*

Section 503(b)(9) applies only to claims relating to "goods" received by a debtor in the ordinary course of its business within twenty days prior to the commencement of the bankruptcy filing. *See* 11 U.S.C. § 503(b)(9); *see also In re Sears Holdings Corp.*, 2023 WL 3470475, at *2 ("[C]laimants should be granted an administrative expense claim [under section 503(b)(9)] for the value of any goods received by the debtor within 20 days before the date of commencement of the bankruptcy case that are sold to the debtor in the ordinary course of business."). None of the Claimants asserting Section 503(b)(9) Claims provided support for priority treatment under section 503(b)(9). Objection ¶ 26. At the hearing, Ms. McKeighan confirmed that the Books and Records do not reflect that any of the Claimants supplied goods to the Debtors, in the ordinary course of the Debtors' business, within twenty days prior to the Petition Date. The Court sustains the objection to the classification of the Section 503(b)(9) Claims.

### *The Secured Claims*

Section 506(a)(1) provides, "[a]n allowed claim of a creditor . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim." 11 U.S.C. § 506(a)(1). Bankruptcy Rule 3001(d) states that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed. R. Bankr. P.

12

3001(d). At the hearing, Ms. McKeighan advised that none of the Secured Claims include evidence that the security interest has been perfected. Accordingly, since the Claimants "did not put forth evidence that their security interest was perfected, then their proof of claim do not constitute *prima facie* evidence of the validity of their claims." *In re Lehman Bros. Inc.*, No. 15 CIV. 9670, 2019 WL 13043062, at *6 (S.D.N.Y. Sept. 30, 2019), *aff'd sub nom. In re Lehman Bros. Holdings Inc.*, No. 19-3245, 2021 WL 4127075 (2d Cir. Sept. 10, 2021). The Court sustains the objection to the Secured Claims.

**Reclassification Of The Reclassified Claims To Class 4(C) Claims Under The Plan**

Class 4(C) of the Plan consists of all Mesh Claims. Plan § 4.6. The term "Mesh Claims" refers to any and all Claims

> (a) relating to any personal injury resulting from the use of transvaginal surgical mesh Products designed to treat pelvic organ prolapse or stress urinary incontinence against American Medical Systems Holdings, Inc. and any successor or predecessor thereof, or any other Debtor, and any successor or predecessor thereof; and (b) for which a Proof of Claim was filed by the General Bar Date. For the avoidance of doubt, "Mesh Claims" shall not include Future Mesh Claims.[16]

Plan § 1.1.309. At the hearing, Ms. McKeighan confirmed that none of the Claimants hold Future Mesh Claims.

Holders of Allowed Mesh Claims are beneficiaries of the Mesh Claims Trust and shall receive a recovery, if any, from the Mesh Claims Trust Consideration.[17] Plan §§ 1.1.310, 4.6(c). It

---

[16] Future Mesh Claims "means any and all Claims against the Debtors held by individuals (a) who have had a transvaginal mesh Product manufactured by any of the Debtors, the Non-Debtor Affiliates, any of their respective current and former Affiliates, or any of their respective predecessors implanted in such individual before the Petition Date; and (b) whose first injury from such implantation manifested after the General Bar Date or, solely with respect to Foreign Claimants, the Extended Foreign Bar Date." Plan § 1.1.178.

[17] Mesh Claims Trust Consideration means "(a) $2 million in Cash from the GUC Trust Consideration; (b) 50% of certain products liability insurance proceeds allocable to liability for Mesh Claims pursuant to the GUC Trust Agreement; and (c) the right to receive 1.75% of the proceeds of the GUC Trust Litigation Consideration in accordance

13

is undisputed that each Claimant asserting a Reclassified Claim is asserting a prepetition tort claim against Endo International plc for personal injuries allegedly resulting from the use of certain transvaginal surgical mesh Products. Those claims fall within the scope of Class 4(C) Mesh Claims under the Plan. Accordingly, the Court reclassifies the Reclassified Claims to Class 4(C) Mesh Claims, subject to the Mesh Claims Trustee's review of the Reclassified Claims, in accordance with the Endo Mesh Claims Trust Agreement.

## CONCLUSION

The Court sustains the Objection to the extent set forth herein. The Plan Administrator is directed to submit an order consistent with this Memorandum Decision.

IT IS SO ORDERED.

Dated: August 21, 2025
       New York, New York

/s/ *James L. Garrity, Jr.*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge

---

with the GUC Trust Agreement, in each case, to be distributed by the GUC Trust to the Mesh Claims Trust to be used as set forth in the Mesh Claims Trust Agreement, including for Distributions to holders of Allowed Mesh Claims in accordance with the Mesh Claims Trust Documents." Plan § 1.1.312. The Mesh Claims Trust was established as a Distribution Sub-Trust of the GUC Trust. *Id*. §§ 1.1.104, 1.1.310. On the Effective Date of the Plan, the GUC Trust assumed the Debtors' liability for the Mesh Claims and distributed the Mesh Claims Trust Consideration to the Mesh Claims Trust. *Id*. § 4.6(c). As such, the Mesh Claims are to be exclusively handled by the Mesh Claims Trust and treated in accordance with the Mesh Claims Trust Distribution Procedures and the provisions of the Mesh Claims Trust Documents. *Id*.