**UNITED STATES BANKRUPTCY COURT**                    NOT FOR PUBLICATION
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------- x
In re:                                      :         Case No. 22-22608 (JLG)
                                            :         Chapter 11
Branded Operations Holdings, Inc., et al.,  :
                                            :
                            Debtors.¹       :         (Jointly Administered)
------------------------------------------------------- x
```

## MEMORANDUM DECISION GRANTING
## THE APPELLEES' MOTION TO STRIKE CERTAIN ITEMS
## <u>FROM APPELLANT'S DESIGNATION OF THE RECORD ON APPEAL</u>

<u>**APPEARANCES:**</u>

Seward & Kissel LLP
*Counsel to the Plan Administrator*
*Patrick J. Bartels*
One Battery Park Plaza
New York, NY 10004
By:    Brian P. Maloney
       Catherine V. LoTempio


Cross & Simon, LLC
*Counsel to Trustee for the Endo PI NAS Trust*
1105 N. Market Street, Suite 901
Wilmington, DE 19801
By:    Christopher P. Simon


Charles Elliott Anderson
*Appearing Pro Se*
1205 California Ave. #2
Las Cruces, NM 88001

---

¹ The last four digits of Debtor Branded Operations Holdings Inc.'s tax identification number are 6945. Due to the large number of debtors in these Chapter 11 Cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Endo. The location of the Debtors' service address for purposes of these Chapter 11 Cases is: 1400 Atwater Drive, Malvern, PA 19355.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

### INTRODUCTION[2]

Patrick J. Bartels ("Mr. Bartels" or the "Plan Administrator") is the Plan Administrator of the remaining debtors of Endo International plc ("Endo") and its Debtor affiliates in these Chapter 11 Cases. Edgar C. Gentle, III ("Mr. Gentle" or the "PI Trustee" and with the Plan Administrator, the "Appellees") is the trustee of the Endo Opioid Personal Injury Trust (the "PI Trust") formed under the Plan. Charles Elliot Anderson ("Mr. Anderson" or "Appellant") is a self-described "surviving victim" and personal injury claimant in these Chapter 11 Cases.

Mr. Anderson has appealed the Court's Order Denying Motion for Reconsideration[3] (the "Appeal") to the United States District Court for the Southern District of New York (the "District Court"). The matter before the Court is the Appellees' motion (the "Motion")[4] for an order substantially in the form attached as Exhibit A to the Motion (the "Proposed Order") striking certain items designated by Appellant in his designation of the record on appeal (the "Appellant's Designation"),[5] and deeming the record on appeal to consist only of the items designated by

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the confirmed *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors*, Endo ECF No. 3849 (the "Fourth Amended Plan," or the "Plan") or the *Findings of Fact, Conclusions of Law, and Order (i) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International PLC and its Affiliated Debtors and (II) Approving the Disclosure Statement with Respect Thereto*, Endo ECF No. 3960 (the "Confirmation Order"). References to "Endo ECF No. __" are to documents filed on the electronic docket of Case No. 22- 22549 (the "Endo Case"). References to "Branded ECF No. __" are to documents filed on the electronic docket of Case No. 22-22608 (the "Branded Case").

[3] *Memorandum Decision and Order Denying Motion for Reconsideration*, Branded ECF No. 124.

[4] *Appellees' Motion to Strike Certain Items from Appellant's Designation of the Record on Appeal*, Branded ECF No. 199.

[5] *Appellant's Designation of Record on Appeal: The Irrefutable Money Trail of Fraud on the Court and the American People*, Branded ECF No. 190.

Appellees in their designation of record on appeal (the "Appellees' Designation"),[6] as set forth in Exhibit 2 to the Proposed Order. Appellant filed an objection to the Motion (the "Objection").[7] The Appellees filed a reply to the Objection and in further support of the Motion (the "Reply").[8]

The Court heard argument on the Motion. Mr. Anderson appeared pro se. The Appellees appeared through their respective counsel. For the reasons set forth herein, the Court grants the Motion.

## **JURISDICTION**[9]

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). In addition, pursuant to the Confirmation Order and Plan, this Court has retained jurisdiction over the Chapter 11 Cases and all matters arising out of, or related to, the Chapter 11 Cases and the Plan, including, among other things, to (a) enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan, the Confirmation Order, and any agreements and documents in connection with or contemplated by the Plan, the Confirmation Order, the Purchase and Sale Agreement, and the Disclosure Statement; and (b) enter a final decree closing each of the Chapter 11 Cases. *See* Plan § 13.1.

---

[6] *Appellees' Joint Counterstatement of Issues and Designation of Record on Appeal*, Branded ECF No. 198.

[7] *Appellant's Objection to Appellees' Motion to Strike- [ECF No. 199], Judicial Notification of Fraud on the Court, Creditor Demand for Payment of Allowed Claim as Liquidated*, Branded ECF No. 220.

[8] *Appellees' Reply to Appellant's Objection to Appellees' Motion to Strike Certain Items from Appellant's Designation of the Record on Appeal*, Branded ECF No. 222.

[9] The docketing of the Appeal in the District Court did not divest the Court of jurisdiction to determine the contents of the record on the appeal. *NWL Holdings v. Eden Center (In re Ames Dept. Stores)*, 320 B.R. 518, 520 n.2 (Bankr. S.D.N.Y. 2005).

## BACKGROUND

### The Chapter 11 Cases

On August 16, 2022, Endo International plc and seventy-five of its affiliated Debtors each commenced Chapter 11 Cases by filing a petition for relief under chapter 11 of the Bankruptcy Code. On May 25, 2023, and May 31, 2023, certain additional Debtors also commenced Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered.

On March 22, 2024, the Court entered the Confirmation Order confirming the Fourth Amended Plan and on April 23, 2024 (the "Effective Date),[10] the Plan became effective. The Plan calls for the appointment of a Plan Administrator on or after the Effective Date by the Debtors and on consent of the Required Consenting Global First Lien Creditors in consultation with the Committees and the Future Claims Representative. *See* Plan, § 5.7. Mr. Bartels was appointed and is acting as Plan Administrator. The Plan also called for the creation of the PI Trust and the appointment of the PI Trustee. *See id.* § 6.8. Mr. Gentle was appointed and is acting as PI Trustee.

### Mr. Anderson Seeks to Modify the Plan

On February 18, 2025, Mr. Anderson, acting pro se, filed a motion to modify the Debtors' Fourth Amended Plan (the "Motion to Modify Plan").[11] The Appellees each opposed the motion (together, the "Objections to Motion to Modify Plan").[12] In response to the objections, and in

---

[10] *Notice Of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) the Administrative Expense Claims Bar Date*, Endo ECF No. 4212.

[11] *Motion: For Modification of the Plan of Reorganization and for Equitable Relief to: 1) Acceptance of Allowed Claim, 2) Designate Surviving Victim Status, 3) Establish Separate, Segregated Protective Trust for all "Surviving Victims" and 4) Directing Full Payment of Allowed Claim in the Amount of $5 Million Dollars $(5,000,000)*, Branded ECF No. 56, designated as item number 26 in Part III of the Appellant's Designation.

[12] *Plan Administrator's Objection to Motion to Modify Plan*, Branded ECF No. 59; *Personal Injury Trustee's Response to Charles Elliot Anderson Jr.'s Motion for Modification of the Plan and Reorganization and for Equitable Relief to 1) Acceptance of Allowed Claim, 2) Designate Surviving Victim Status, 3) Establish Separate Segregated*

4

further support of the motion, Mr. Anderson filed the First Response – Modify Plan Objection[13] and the Second Response – Modify Plan Objection[14] (collectively with the Motion to Modify Plan, the "Motion to Modify Plan Pleadings"). On March 30, 2025, the Court denied the motion (the "Order Denying Motion to Modify Plan").[15]

On April 8, 2025, Mr. Anderson moved for reconsideration of that order (the "Motion for Reconsideration"),[16] pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Appellees each opposed the motion (together, the "Objections to Motion for Reconsideration").[17] In response to the objections, and in further support of the motion, Mr. Anderson filed an Addendum to Reconsideration Motion,[18] a Brief In Support of Reconsideration Motion,[19] the First Supplemental Pleading – Reconsideration Motion,[20] and the Second

---

*Protective Trusts for all "Surviving Victims" and 4) Full Payment of Allowed Claim in the Amount of 5 Million Dollars ($5,000,000)*, Branded ECF No. 60.

[13] *Response Of Charles Elliott Anderson Jr. to Objections to: Motion for Modification of The Plan of Reorganization and for Equitable Relief*, ECF No. 63, designated as item number 28 in Part III of the Appellant's Designation.

[14] *Response to Plan Administrator Objection to Modify Plan of Reorganization and for Equitable Relief*, ECF No. 66, designated as item number 30 in Part III of the Appellant's Designation.

[15] *Memorandum Decision Denying Motion for Entry of an Order Modifying the Plan of Reorganization*, Branded ECF No. 69, designated as item number 32 in Part III of the Appellant's Designation.

[16] *Motion: For Reconsideration of Order Denying Motion to Modify Plan of Reorganization*, Branded ECF No. 72, designated as item number 33 in Part III of the Appellant's Designation.

[17] *Personal Injury Trustee's Response to Charles Elliot Anderson Jr.'s Motion for Reconsideration*, Branded ECF No. 112, designated as item number 58 in Part III of the Appellant's Designation; *Plan Administrator's Objection to Motion for Reconsideration*, Branded ECF No. 113, designated as item number 59 in Part III of the Appellant's Designation.

[18] *Addendum to Motion for Reconsideration*, Branded ECF No. 82, designated as item number 35 in Part III of the Appellant's Designation.

[19] *Response Brief - In Opposition to Plan Administrator's Objection and PI Trustee's Response Concerning PI Trust Administration and Victim Distribution (Doc #113 & #112)*, Branded ECF No. 116, designated as item number 60 in Part III of the Appellant's Designation.

[20] *Petitioner's Supplemental Submission Regarding Recent Financial Results in Support of Pending Motions and Objections*, Branded ECF No. 117, designated as item numbers 61-62 in Part III of the Appellant's Designation.

Supplemental Pleading – Reconsideration Motion[21] (collectively with the Motion for Reconsideration, the "Motion for Reconsideration Pleadings"). On May 25, 2025, the Court denied the Motion and entered the Order Denying Motion for Reconsideration (with the Order Denying Motion to Modify Plan, the "Anderson Orders").

**<u>The Appeal</u>**

On June 4, 2025, Mr. Anderson filed a Notice of Appeal.[22] In it he identified the "subject of this appeal" to be the Order Denying Motion for Reconsideration, Notice of Appeal at 1, and annexed the order as an exhibit to the notice. The Appeal is pending before the District Court. On August 2, 2025, Appellant filed the Appellant's Designation. On August 18, 2025, Appellees filed the Appellees' Designation.

*The Appellant's Designation*

Mr. Anderson purports to list 318 items for inclusion in the record on appeal.[23] *See* Appellant's Designation at 26. The list includes 24 items not filed of record in either the Endo or Branded Cases, *see* Appellant's Designation at Part IV (the "Anderson Non-ECF Items"); 205 items filed of record in the Endo Case, *see id.* Part II (the "Anderson Endo Items"); and 89 items filed of record in the Branded Case, *see id.* Part III (the "Anderson Branded Items"). The lists include items filed of record by Mr. Anderson in connection with his Motion to Modify Plan and Motion for Reconsideration.

---

[21] *Petitioner's Emergency Supplemental Submission Regarding Recently Uncovered Merger Information in Support of Pending Motions and Objections*, Branded ECF No. 119, designated as item numbers 64-68 in Part III of the Appellant's Designation.

[22] *Notice of Appeal and Statement of Election*, Branded ECF No. 128, designated as item number 71 in Part III of the Appellant's Designation.

[23] The total number of items listed by Mr. Anderson is misleading. His list of items includes duplicate items. For example, Mr. Anderson designates "ECF No. 7" as Anderson Endo Items numbers 7 and 201. *See* Appellant's Designation at 4, 18. Moreover, Branded Item number 89 consists of "All Bankr. Docs. 1-188 (22-22608)." *See id.* at 25.

Mr. Anderson asserts that he is presenting his "meticulously compiled Designation" to the District Court, "as direct evidence of a deliberate, pre-planned scheme to defraud creditors and the American people." Appellant's Designation at 2. He promises that:

> This record will lay bare the fraudulent financial path taken by the "Corporate Predators" and expose the complicity of the "pest controllers" and "dual-dipping law firms" who allegedly profited immensely while denying justice to the "surviving victims" of the opioid crisis. The "Proof is in the money trail," and this designation provides the precise coordinates to trace it.

*Id.* He maintains that "[t]he documents designated . . . and the thousands of pages they represent, are not merely records of a bankruptcy case. They are a narrative of an intentionally orchestrated 'fraud on the court,' designed to protect a solvent corporation from its liabilities while leaving victims with pennies." *Id.* at 26.[24]

### *The Appellees' Designation*

The Appellees designated twenty-seven items to be included in the record on appeal, comprised of items filed in connection with the Motion to Modify Plan and the Motion for Reconsideration, as well as other items filed in the Endo Case.

---

[24] Mr. Anderson contends the filings demonstrate a clear pattern of:

1. Perjury from the Outset: The sworn petitions of the debtors stating they were insolvent when their own filings showed otherwise.

2. Intentional Obfuscation: Motions to redact information and create a complex web of shell companies to confuse victims and the court.

3. Complicity of Fiduciaries: Law firms with undeniable conflicts of interest representing multiple parties, and a court-appointed trustee who has actively opposed victims.

4. A Grossly Unfair Fee Drain: The extraction of hundreds of millions of dollars in fees for professionals while victims receive a pittance.

Appellant's Designation at 26. He argues that in fulfilling its duty of oversight under section 105(a) of the Bankruptcy Code, the District Court must conduct a full review of these facts. *Id.* He says that "[t]he countless contradictions in the Debtors' filings, the unconscionable conflicts of Interest, and the unequal distribution of funds are not minor errors; they are the hallmarks of a system designed to fail. The only just and proper remedy is to declare the plan void *ab initio* and ensure a fair, transparent, and equitable resolution for all who have been harmed." *Id.* at 26-27.

7

**The Motion**

Appellees seek entry of the Proposed Order striking most of the designations of the record on Appellant's Designation as set forth on Exhibit 1 to the Proposed Order, and directing that only the designations on Appellees' Designation, as replicated on Exhibit 2 to the Proposed Order, be deemed the record on appeal. Motion ¶ 7. In Exhibit 1 to the Motion, Appellees have prepared a redlined version of the Appellant's Designation, marking the entries they contend should be stricken in light of the applicable law and facts. *Id.* ¶ 16. They argue that pursuant to Bankruptcy Rule 8009(e), the Court should strike those items included in Appellant's Designation that: (i) were not filed of record in either the Endo Case or the Branded Case; (ii) were not referenced or considered by the Court in issuing the Anderson Orders; and/or (iii) were created after the Court issued the Anderson Orders. *Id.* ¶¶ 8, 15. They contend those items are not properly part of the record on this Appeal. *Id.* ¶ 8. Those items include:

- Documents, articles, and reports never filed in the Chapter 11 Cases;

- First day motions that do not relate to the issues on appeal;

- Attorney fee statements and applications that do not contain opinions, findings of fact, or any conclusions of law relating to the issues on appeal;

- The Debtors' post-confirmation status reports that do not relate to the issues on appeal;

- The Debtors' monthly operating reports that do not relate to the issues on appeal;

- Supplemental declarations to motions unrelated to the Fourth Amended Plan or other motions on appeal;

- Omnibus claim objections and related documents that do not relate to the issues on appeal; and

- Filed documents created after the Order Denying Motion for Reconsideration and/or never filed before the Court.

*Id.* ¶ 17.

**The Objection**

In filing his "comprehensive objection" to Appellees' "desperate Motion to Strike," Objection at 1, Mr. Anderson contends "[t]his is not a mere procedural dispute," and purports to notify the Court "of a crime in progress-a multi-billion dollar fraud, now almost over, meticulously documented in the Court's own docket, that has been perpetrated by the Debtors and their host of conflicted fiduciaries," *id.* at 2. He labels the Motion as "a transparent attempt to smother the flames of truth and to hide their malfeasance from appellate review." *Id.* He says, "Appellees' responses are not good-faith legal arguments; they are a continuation of the same procedural and financial obfuscation that has pervaded this entire bankruptcy." *Id.*

In the Objection, Mr. Anderson does not address the issues raised by the Appellees in the Motion, other than to ask the Court to "DENY the Appellees' Motion to Strike in its entirety." *Id.* at 9, ¶ 1. Instead, he seeks relief unrelated to the Motion, as he asks the Court to:

- DECLARE the confirmed plan void ab initio as the product of pervasive fraud on the Court;

- VACATE the orders on appeal and REMAND with instructions to appoint an independent examiner with full investigatory powers;

- ORDER the immediate removal of the Plan Administrator and Pl Trustee for gross dereliction of fiduciary duty;

- ENFORCE Appellant's alleged undisputed $25 million allowed claim against the estate's assets, including applicable treble awards as sanctions for this fraudulent scheme on this Court;

- REFER this matter to the United States Trustee and the Department of Justice for investigation into criminal bankruptcy fraud; and

- GRANT such other and further relief as justice requires.

*Id.* at 9-10, ¶¶ 2-7. In doing so, in Sections I – IV of the Objection, he addresses:

(I) The Appellant's Standing and the Indisputable Nature of the Allowed Claim;

(II) The "In Plain Sight Highway": A Chronology of a Premediated Fraud;

(III) The Architects' Payday: A Tally of The Grand Fee Drain; and

(IV) Hostile Fiduciaries Must Be Removed for Cause.

*Id.* at 2-7. Finally, in his "Statement of Issues on Appeal," he purports to introduce eleven issues

for appeal. *Id.* at 7-8.

### The Reply

Appellees explain that they filed the Motion "to ensure compliance with the procedural

rules governing appellate practice and to provide the District Court with a clear record in light of

[the] voluminous and overbroad [Appellant's Designation]." Reply ¶ 1. They reiterate that an

appellate court may only consider issues that were raised before and ruled on by the trial court. *Id.*

¶ 2. They assert that in designating over 200 items—including items not considered by, or filed

with, the Court, or that were created after the Court issued the Anderson Orders, Mr. Anderson is

improperly attempting to expand the record on appeal to argue issues that the Court did not raise

or address in either order. *Id.* ¶ 4. They argue the Court should overrule the Objection and grant

the Motion because Mr. Anderson has not met his burden of demonstrating that the disputed

designations were actually considered by the Court, or that there is a legal basis for them to be

included in the record on appeal. *Id.*

Moreover, Appellees maintain that in his Objection, Mr. Anderson improperly attempts to

seek affirmative relief against them, including to declare the confirmed plan void, vacate the orders

on appeal and appoint an independent examiner, order the immediate removal of the Appellees,

enforce Mr. Anderson's claim, and refer the matter to the United States Trustee and Department

of Justice. *Id.* ¶ 4, n.5. They argue the Court lacks jurisdiction over substantive issues involved in

the Appeal that Mr. Anderson is attempting to relitigate through his Objection. *Id.* Finally, they

argue that to the extent the Court finds that, through the Objection, Mr. Anderson seeks additional new relief, the Court must reject those requests because they are not properly noticed in a motion in the accordance with the Bankruptcy Rules, and in any event, the requests are unfounded and must be denied given the failure to provide any legal basis or evidentiary support for such relief. *Id.*

## APPLICABLE LAW

### The Scope of the Appeal

Bankruptcy Rules 8001, et seq., govern appeals taken from decisions issued by the Bankruptcy Court. Bankruptcy Rule 8003(a)(3) addresses the "Content of the Notice Appeal." In substance, and without limitation, the Notice of Appeal must include a description of the judgment or appealable order from which the appeal is taken, and annex the judgment or order. *See* Fed. R. Bankr. P. 8003(a)(3). In the Notice of Appeal, Mr. Anderson identified the Order Denying the Motion for Reconsideration as the order subject to the appeal, and annexed a copy of the order to the notice. *See* Notice of Appeal at 1. Nonetheless, the Appellees contend that the Court should construe the Notice of Appeal as appealing both of the Anderson Orders. Motion at 3 n.3. During Argument, Mr. Anderson explained that in filing the Notice of Appeal, he intended to appeal both orders.

Courts construe notices of appeal liberally, "taking the parties' intentions into account." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995). That is particularly so for pro se litigants like Mr. Anderson. *Grune v. Coughlin,* 913 F.2d 41, 43 (2d Cir. 1990) ("[A] notice of appeal filed by a *pro se* litigant must be viewed liberally, and not every technical defect in a notice of appeal constitutes a jurisdictional defect.") (citations omitted). Accordingly, "[a]s long as the *pro se* party's notice of appeal evinces an intent to appeal an order or judgment of the

district court and appellee has not been prejudiced or misled by the notice, the notice's technical deficiencies will not bar appellate jurisdiction." *Elliott v. City of Hartford*, 823 F.3d 170, 172-73 (2d Cir. 2016).

Although Mr. Anderson's Notice of Appeal does not mention the Order Denying Motion to Modify Plan, the items that he has designated for the record on appeal include items relating to that motion. He intended for the Appeal to encompass both Anderson Orders. Moreover, the Appellees will not be prejudiced if the Notice of Appeal is read to cover both orders. In the Motion, they have treated the Appeal to do so, as they list items relating to both orders in the Appellees' Designation. However, it is not up to this Court to interpret the scope of the Notice of Appeal. The District Court, as the appellate court, must do so. *See Bacon v. Phelps*, 961 F.3d 533, 541 (2d Cir. 2020) ("Our task . . . is to interpret the notice of appeal so as to remain faithful to the intent of the appellant, fair to the appellee, and consistent with the jurisdictional authority of this court." (internal quotation marks omitted)). Nonetheless, to ensure that the District Court has the most complete record on appeal that it may require, for purposes of the Motion, the Court interprets the Notice of Appeal to extend to both the Order Denying Motion to Modify Plan and the Order Denying Motion for Reconsideration.

**The Record on Appeal**

Under Bankruptcy Rule 8009, within fourteen days of filing their notice of appeal from a decision by a bankruptcy court an appellant must "file with the bankruptcy clerk, a designation of the items to be included in the record on appeal and a statement of the issues to be presented[.]" Fed. R. Bankr. P. 8009(a)(1). The record on appeal must include:

- the docket entries kept by the bankruptcy clerk;

- items designated by the parties;

- the notice of appeal;

- the judgment, order, or decree being appealed;

- any order granting leave to appeal;

- any certification required for a direct appeal to the court of appeals;

- any opinion, findings of fact and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings;

- any transcript ordered under Bankruptcy Rule 8009(b);

- any statement required by Bankruptcy Rule 8009(c); and

- any other items from the record that the court where the appeal is pending orders to be included.

Fed. R. Bankr. P. 8009(a)(4). Within fourteen days after being served, "the appellee may file with the bankruptcy clerk and serve on the appellant a designation of additional items to be included in the record." Fed. R. Bankr. P. 8009 (a)(2).

Bankruptcy Rule 8009(e)(1) provides that "[i]f any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly." Fed. R. Bankr. P. 8009(e)(1). Accordingly, "[i]f an item has been improperly designated, a party may move to strike that item." *Id*. "Courts in this Circuit have found that the bankruptcy court is the proper forum to resolve motions to strike documents designated on appeal." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789, 2010 WL 8815208, at *2 (Bankr. S.D.N.Y. Aug. 3, 2010). This reading of Bankruptcy Rule 8009(e) "comports with the long-held understanding in the Second Circuit that 'the bankruptcy court knows best what was before it and what it considered in making its ruling.'" *Myer's Lawn Care Servs., Inc. v. Pryor*, No. 2:23-CV-3346, 2024 WL

730496, at *3 (E.D.N.Y. Feb. 22, 2024) (quoting *In re Polverari*, No. 3:15-CV-01500, 2016 WL 5724764, at *2 (D. Conn. Sept. 3, 2016)).

The general rule for designation of the record on appeal is that only items considered by the bankruptcy court in reaching a decision should be included. *NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dep't Stores, Inc.)*, 320 B.R. 518, 521 (Bankr. S.D.N.Y. 2005). In other words, "the record on appeal should contain all documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision." *In re W.T. Grant,* 432 F. Supp. 105, 106 (S.D.N.Y. 1977). In bankruptcy cases, the record on appeal should consist of "designated materials that became part of the bankruptcy court's record in the first instance." *Zer–Ilan v. Frankford (In re CPDC, Inc.),* 337 F.3d 436, 443 (5th Cir. 2003). Accordingly, the record cannot include "materials not before the bankruptcy judge at the time the challenged decisions were made." *Asbestosis Claimants Represented by Mar. Abestosis Legal Clinic v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n (In re Prudential Lines),* Nos. 93 CIV. 1481, 93 CIV. 7164, 1994 WL 142017, at *2 (S.D.N.Y. Apr. 20, 1994) (citations omitted).

As noted by the Appellees, bankruptcy courts should designate only items considered by the Court, or items closely related thereto in reaching their decisions. Reply ¶ 3 (citing *In re McKenzie*, No. 08-16378, 2013 WL 5309008, at *4 (Bankr. E.D. Tenn. Sep. 19, 2013); *Est. of Arlene Townsend v. Shumaker, Loop & Kendrick, LLP*, No. 8:20-cv-956-T-33, 2020 WL 10318565, at *2 (M.D. Fla. Sep. 25, 2020)). The Advisory Committee's notes to 2014 Amendment of Bankruptcy Rule 8009 caution the Court to limit the record on appeal because including all documents and exhibits filed in the bankruptcy case is "often . . . unworkable in a bankruptcy context, because thousands of items might have been filed in the overall bankruptcy case." Fed. R. Bankr. P. 8009, Advisory Committee's Notes to 2014 Amendment.

## ANALYSIS

### Whether to Strike Items from the Appellant's Designation

The overwhelming majority of the items listed in the Appellant's Designation either: (i) were not filed of record in the Endo Case or Branded Case; (ii) were created after the Court issued the Anderson Orders; or (iii) were not referenced or considered by the Court in issuing those orders. Appellees correctly contend those items fall outside the scope of Bankruptcy Rule 8009(a) and should not be designated as part of the record on appeal. As discussed below, the Court strikes them from the record on appeal.

### *Items Not Filed of Record are not Part of the Record on Appeal*

The Anderson Non-ECF Items are not docketed in either the Endo Case or the Branded Case. Mr. Anderson did not submit any of them in support of either the Motion to Modify Plan or the Motion for Reconsideration. Those items did not, and could not, have factored into the Anderson Orders. The Court strikes those items from the record on appeal. *See, e.g., In re Ames Dep't Stores, Inc.*, 320 B.R. at 521 (striking documents from record on appeal where "[w]ithout dispute, none of Documents # 18 through # 28 were ever filed with this Court, and this Court never saw or considered any of them."); *see also Brekelmans v. Salas (In re Salas),* No. 18-cv-2318, 2020 WL 32567, at *2-3 (D.D.C. Jan. 2, 2020) ("Rule 8009(e) . . . [is not] a mechanism for supplementing the record on appeal with new information that was never considered by the bankruptcy court . . . [or] did not even exist at the time of [the bankruptcy court's] ruling.").

### *Items Filed of Record After Court Issued Anderson Orders are not Part of the Record on Appeal*

Items created after entry of the order or judgment on appeal plainly could not have influenced the appealed order or judgment. *See, e.g., In re Adkins*, No. 12–10314, 2014 WL 5801679, at *1 (Bankr. N.D. Tex.) (court struck from the record on appeal pleadings filed after

court issued decision on stay violation since "[they] are not part of the evidence introduced, or arguments made at the hearing held on the question of whether [claimant] violated the stay."); *Burgess v. JPMorgan Chase Bank, N.A. (In re Burgess)*, Adv. Proc. No. 19-2014, 2020 WL 6840784, at *2 (Bankr. D. Me. Oct. 6, 2020) (granting motion to strike where designated materials "were not submitted to this Court prior to the entry of the Order Denying Reconsideration" and "could not have been considered by the Court when it issued the order currently on appeal."); *see also Est. of Arlene Townsend*, 2020 WL 10318565, at *2 ("As new evidence that was never presented to the Bankruptcy Court, and therefore could not have possibly affected the Bankruptcy Court's ruling, the Closing Checklist is inappropriate to add to the appellate record under Rule 8009(e)."). Accordingly, the Court strikes from the record on appeal, the Anderson Endo Items and Anderson Branded Items filed of record after the Court issued each of the Anderson Orders.

### Items Filed of Record that the Court Did Not Consider or Reference in the Anderson Orders are not Part of the Record on Appeal

Mr. Anderson submitted four items in support of the Motion to Modify Plan Pleadings. They include two items annexed to the Motion to Modify Plan,[25] and two items filed separately on the docket (the "Report to Juvenile Court,"[26] and the "ProPublica Article"[27]). The Appellant's Designation includes those items, together with the items that collectively comprise the Motion to Modify Plan Pleadings. Mr. Anderson submitted fourteen items in support of the Motion for

---

[25] Mr. Anderson listed seven exhibits to the Motion to Modify Plan but only submitted the following two documents: (i) Allowed Claim Notification from Endo PI Trust 12-13-24, and (ii) (1-7) Voted to Reject Plan – Both Claim Number 2-20-24.

[26] *Response to Objection Exhibit (b): Report to Juvenile Court*, Branded ECF No. 64, is designated as item number 29 in Part III of the Appellant's Designation. The Court did not cite to this exhibit in the Motion to Modify Plan Order, as it contained principally medical or otherwise protected information concerning Mr. Anderson's daughter.

[27] *Response to Objection Exhibit (c): Full "Problica" – Article Dated Dec. 17th, 2024*, Branded ECF No. 65. The Appellant does not specifically designate the ProPublica Article in his designation. However, item 89 in Part III of the Appellant's Designation includes "All Bankr. Docs 1-188" in the Branded Case. The Appellant therefore includes the article in his designation.

Reconsideration Pleadings.[28] The Appellant's Designation includes those items, together with the items that collectively comprise the Motion for Reconsideration Pleadings, and the Objections to Motion for Reconsideration.

In the Motion, Appellees do not seek to strike those items from the record on appeal, or to strike three additional items listed in Appellant's Designation.[29] The Court considered each of the

---

[28] Those items consist of:

Nine items annexed to the Motion for Reconsideration:

(i) Ex. A: Email to Mr. Anderson from the PI Trust received April 8, 2025, stating the estimated pro rata payment is $390.

(ii) Ex. B: Email from Mr. Anderson to the PI Trust and the PI Trustee, dated April 15, 2025, inquiring about the formula for the $390 pro rata payment.

(iii) Ex. C: Email communications between Mr. Anderson and Aerik Preis.

(iv) Ex. D: Email communications between Mr. Anderson and journalists at ProPublica and the Philadelphia Inquirer.

(v) Ex. E: Email communications between Mr. Anderson and Stretto/GUC Trust representatives.

(vi) Ex. F: Third Quarter 2024 Report for the Endo GUC Trust.

(vii) Ex. G: Receipts for Mr. Anderson's court-related expenses (postage, copies, ink, paper).

(viii) Ex. H: Screenshots from Kroll's website showing prior $3.5 million valuation for Claim Nos. 8620 and 10223, and evidence of original $5 million claim.

(ix) Ex. I: Mr. Anderson's medical records from University Medical Center.

One item attached to the First Supplemental Pleading – Reconsideration Motion:

Ex. A: Endo, Inc.'s First-Quarter 2025 Financial Results.

Four items attached to the Second Supplemental Pleading – Reconsideration Motion:

(i) Ex. A: A message from Siggi Olafsson, CEO of Mallinckrodt announcing significant progress in the planned merger with New Endo.

(ii) Ex. B: A press release from Mallinckrodt and New Endo announcing the proposed merger.

(iii) Ex. C: Mallinckrodt's 2025 Annual Shareholders Report/Proxy Statement for the fiscal year ended December 27, 2024.

(iv) Ex. D: A document from Mallinckrodt plc outlining the process for transferring shares.

[29] Those items are:

(i) *Disclosure Statement with Respect to the Second Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors*, Endo ECF No. 3554, designated as item number 74 in Part III of the Appellant's Designation.

foregoing items listed in the Appellant's Designation in issuing the Anderson Orders. They are properly part of the record on appeal. So too are the Order Denying Motion to Modify Plan,[30] Order Denying Motion for Reconsideration,[31] and the Notice of Appeal.[32]

However, in issuing the Anderson Orders, the Court did not consider balance of the Anderson Endo Items and Anderson Branded Items on file as of the issuance of each of those orders. The Court strikes those items from the record on appeal. *See, e.g., In re Prudential Lines,* 93-CV-1481, 1994 WL 142017, at *2 (record on appeal does not include materials not before the bankruptcy judge at the time the challenged decisions were made); *In re W.T. Grant,* 432 F. Supp. at 106 (record should include only matters considered by the court in reaching the underlying decision).

## Whether Mr. Anderson is Entitled to Relief Sought in the Objection

### Statement of Issues on Appeal

Mr. Anderson purports to identify eleven issues for appeal in the Statement of Issues on Appeal. Objection at 7-8. The Appellees dispute the propriety of those statements but correctly note that resolution of such dispute is not the subject of the Motion. *See* Reply at 6, n.4. Moreover, in any event, "it is plain that a bankruptcy court lacks the power to prevent a district court from considering legal arguments on appeal. No such power is specified in the jurisdictional statutes

---

(ii) The Confirmation Order, designated as item number 79 in Part III of the Appellant's Designation.

(iii) *Motion to "Object" Plan Administrator's "Proposed Order" - (I) Closing Certain Chapter 11 Cases; (II) Granting Final Decrees in Certain Closed Chapter 11 Cases; (III) Amending Caption of Remaining Cases; and (IV) Granting Related Relief*, Endo ECF No. 4694, designated as item number 149 in Part III of the Appellant's Designation.

[30] Designated as item number 32 in Part III of the Appellant's Designation.

[31] Designated as item number 70 in Part III of the Appellant's Designation.

[32] Designated as item number 71 in Part III of the Appellant's Designation.

related to bankruptcy proceedings. *See, e.g.,* 28 U.S.C. §§ 157, 158. More broadly, such a power, if it existed, would allow bankruptcy courts to insulate their legal decisions from review by Article III courts, in contravention of well-established Supreme Court precedent." *Fox v. Picard (In re Madoff)*, 848 F. Supp. 2d 469, 476 (S.D.N.Y. 2012) (citing *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 77 (1982)).

### *Affirmative Relief Against the Appellees*

Mr. Anderson purports to seek additional relief in his Objection, including to declare the confirmed plan void, vacate the orders on appeal and appoint an independent examiner, order the immediate removal of the Appellees, enforce Mr. Anderson's claim, and refer the matter to the United States Trustee and Department of Justice. *See* Objection at 9. The Court construes the Objection in part to seek to relitigate matters at issue in Mr. Anderson's Motion to Modify Plan. The Court lacks jurisdiction to do so. That is because the filing of the Notice of Appeal "confer[ed] jurisdiction on the [appellate court] and divest[ed] the [trial] court of control over those aspects of the case involved in the appeal." *In re Sabine Oil & Gas Corp.,* No. 16-CV-2561, 2016 WL 4203551, at *6 (S.D.N.Y. Aug. 9, 2016); *accord Neutra, Ltd. v. Terry (In re Acis Cap. Mgmt., L.P.)*, 604 B.R. 484, 521 (N.D. Tex. 2019) (noting the federal civil procedure rule, that filing a notice of appeal from final judgment of a trial court divests the trial court of jurisdiction, applies with "equal force to bankruptcy cases"). The Court does not have jurisdiction over substantive issues involved in the appeal that Mr. Anderson is attempting to relitigate through his Objection.

Moreover, even if Mr. Anderson seeks additional new relief, the requests are not properly noticed in a motion in the accordance with the Bankruptcy Rules and are not properly before this Court. *See* Fed. R. Bankr. P. 9014. And, Mr. Anderson failed to provide any legal basis or evidentiary support for such relief.

Finally, the Court notes that in the Objection, in support of his requests for relief, the Appellant states, "[t]he Honorable Judge Garrity acknowledged the court's incapacity to oversee-November 14, 2024: 'we don't have the capacity to oversee all of these and police where they go and determine what trust they belong to. We just can't do that.'" Objection at 6 (citing Hr'g Tr. 14:21-25, Nov. 14, 2024, Endo ECF No. 4802). This is a misquotation. The Court stated, "[w]e don't have the capacity to look at each one of these and determine which trust is involved, which party is involved, and then forward it and then police any way to oversee whether there are responses, et cetera. We just can't do that." Hr'g Tr. 14:21-25, Nov. 14, 2024.

The Appellant also misrepresents the import of this excerpt. The Court, in stating the foregoing during the hearing, was stating that it lacked the capacity to provide assistance to all claimants whose claims were channeled to various trusts as part of the Plan. The Court was stating that it was determining to whom requests for assistance and questions regarding the claims process should be forwarded. Attorney Downing, as counsel to the Debtors, stated that such requests could be forwarded either to her, or to Seward & Kissel. The Court also requested that counsel "keep us in the loop as to what the resolution of those matters is[.]" Hr'g Tr. 16:1-9, Nov. 14, 2024. The Court was not, as Appellant maintains, acknowledging the Court was incapable of overseeing the ongoing bankruptcy matters.

### Whether to Supplement the Record with the Appellees' Additional Items and to Deem Record on Appeal to Consist Only of Items Listed in Appellees' Designation

Pursuant to Bankruptcy Rule 8009(a)(2), the Appellees were authorized to designate additional items to be included in the record on appeal. *See* Fed. R. Bankr. P. 8009 (a)(2) ("Within 14 days after being served, the appellee may file with the bankruptcy clerk and serve on the appellant a designation of additional items to be included in the record."). The Appellees' Designation lists twenty-seven documents, seventeen of which appear on the Appellant's

Designation, and were summarized above. The remaining ten items (the "Additional Items") were set forth for the first time in the Appellees' Designation. They include: (i) four items filed by Mr. Anderson or Appellees in connection with the Motion to Modify Plan and Motion for Reconsideration;[33] (ii) three items cited by the Court in issuing the Anderson Orders;[34] (iii) the transcripts of the hearings on the underlying motions;[35] and (iv) an affidavit of service.[36] Those

---

[33] Those items are:

(i) *Plan Administrator's Objection to Motion to Modify Plan*, Branded ECF No. 59

(ii) *Personal Injury Trustee's Response to Charles Elliott Anderson Jr.'s Motion for Modification of the Plan of Reorganization and for Equitable Relief to 1) Acceptance of Allowed Claim, 2) Designate Surviving Victim Status, 3) Establish Separate, Segregated Protective Trust for All "Surviving Victims" and 4) Directing Full Payment of Allowed Claim in the Amount of $5 Million Dollars ($5,000,000)*, Branded ECF No. 60.

(iii) *Statement Exhibit – Response to Objection*, Branded ECF No. 65. As noted, this item could be considered part of the record due to the "catchall" item number 89 in part III of the Appellant's Designation. *See supra* n.27. For the absence of doubt, the Court lists the item here.

(iv) *Petitioner's Emergency Supplemental Submission Regarding Recently Uncovered Merger Information in Support of Pending Motions and Objections*, Branded ECF No. 119.

[34] Those items are:

(i) *Statement of the Official Committee of Opioid Claimants in Support of Confirmation of the Third Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors and in Response to Certain Objections Thereto*, Endo ECF No. 3785.

(ii) *Fourth Amended Joint Chapter 11 Plan of Reorganization of Endo International plc and its Affiliated Debtors Endo*, ECF No. 3849.

(iii) *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) the Administrative Expense Claims Bar Date*, Endo ECF No. 4212.

[35] Those items are:

(i) *Transcript regarding Hearing Held on 3/20/2025 at 11:03 AM RE: Case Conference; Motion to Amend*, Branded ECF No. 145.

(ii) *Transcript regarding Hearing Held on 5/22/2025 at 11:00 A.M. RE: Motion for Reconsideration*, Branded ECF No. 201.

[36] *See Affidavit of Service of Herb Baer Regarding Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) the Administrative Expense Claims Bar Date*, Endo ECF No. 4324. The affidavit concerned, in part, notice of the occurrence of the Effective Date. Notice of Service at 1. That notice was sent to "805,557 confidential creditors" of which Mr. Anderson is one. *Id.* In the Order Denying Motion to Modify Plan, the Court referenced the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) the Administrative Expense Claims Bar Date*, Endo ECF No. 4212. The affidavit is a companion to that docket entry. The Court found that "[b]y its terms, on the Effective Date, the Plan became binding on all parties, including all holders of claims." Order Denying Motion to Modify Plan at 12. Although not specifically cited to by the Court, the Court considered the affidavit in determining whether the Effective Date occurred. It may therefore be included in the record.

items were filed before the Court, were considered by the Court in issuing the Anderson Orders, and were created before the Court issued the Anderson Orders. The Court grants Appellees' request to include the Additional Items in the record on appeal and deems the record on appeal to consist of only the items listed in Appellees' Designation.

## **CONCLUSION**

The Court strikes the items from the record on appeal set forth by the Appellees in Exhibit 1 to the Motion. The Court grants Appellees' request to supplement the record on appeal with the Additional Items. The record on appeal consists of the items designated by the Appellees in the Appellees' Designation. The Appellees are directed to submit an order in accordance with this Memorandum Decision.

Dated:   September 25, 2025
         New York, New York

/s/ *James L. Garrity, Jr.*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge